JACK H. AMMONS v. EQUITABLE LIFE ASSURANCE SOCIETY OF
THE UNITED STATES.

(Filed 28 June, 1933.)

**Insurance M c—Insured failed to show that he had given proof of dis-
ability to proper agent of insurer, and nonsuit was proper.**

Plaintiff sought to recover for permanent disability under a certificate
of group insurance. The policy provided that proof of such disability
must be furnished the company within one year thereof. Plaintiff's evi-

dence tended to show that within the year he furnished the written statement of the attending physician which stated that the disability was not permanent, and that he orally stated his permanent disability to the paymaster in charge of disability claims for the employer, but who was not employed by the insurer. *Held,* the burden of proof was on plaintiff, and the written statement of the physician denied that the disability was permanent, and the oral proof was not shown to have been given a proper agent of the insurer, and the insurer's motion as of nonsuit should have been granted.

CIVIL ACTION, before *Clement, J.,* at November Term, 1932, of BUNCOMBE.

This action was instituted in the General County Court of Buncombe County upon certificate No. 3215-198, issued by the defendant pursuant to a group policy plan. This certificate provides, among other things, the following: "In the event that any employee while insured under the aforesaid policy and before attaining age sixty, becomes totally and permanently disabled by bodily injury or disease, and will thereby presumably be continuously prevented for life from engaging in any occupation or performing any work for compensation of financial value, upon receipt of due proof of such disability before the expiration of one year from the date of its commencement, the society will, in termination of all insurance of such employee under the policy, pay equal monthly disability installments, the number and amount of which shall be determined by the table of installments below."

The plaintiff was employed by the American Enka Corporation, and a group policy of insurance had been provided by said corporation for the benefit of its employees. The certificate issued to the plaintiff was for the sum of $500.00 and payable in ten monthly installments of $50.35 per month. The plaintiff alleged that he became disabled on or about 1 March, 1931, and that on or about 18 January, 1932, he consulted counsel and was advised that it was necessary for him to furnish due proof of total disability. In consequence thereof Dr. H. S. Ogilvie, of Asheville, filled out a blank designated as a group disability claim of defendant. This attending physician's statement, as shown on said blank, disclosed certain facts with respect to the claim of the claimant. Paragraph 11 of this statement contains two questions, as follows: (a) "Do you believe the claimant to be so disabled that he is wholly prevented for life from pursuing any and all gainful occupation?" The physician answered this question "No." (b) "Or is this total disability only temporary?" The physician answered this question "temporary." The plaintiff testified that he notified Mr. Cooke, who was paymaster for the American Enka Corporation. The testimony was: "He is not employed in any way by the insurance company, but he acts as free agent there, I would say, for the insurance company. He handles disability claims;

we take such action as we see fit in our office on the disability claims. . . . Some claims have been filed through Mr. Cooke. . . . He looks after them to a certain extent for the insurance company. . . . The notices under the life insurance policies are referred to the Insurance Company in New York." There was other evidence that Mr. Cooke was paymaster and in charge of the insurance of employees at the plant, and that he furnished the blank heretofore referred to.

Issues were submitted to the jury and answered in favor of plaintiff, and from judgment rendered the defendant appealed to the Superior Court upon certain exceptions. The trial judge after hearing the exceptions, declared: "This court finding that there was not sufficient evidence presented by the plaintiff in the lower court to go to the jury, and therefore, the defendant's motion for judgment as of nonsuit should have been sustained. . . . It is adjudged . . . and decreed that the judgment entered in this cause by the judge of the General County Court be, and the same is hereby reversed and the cause remanded to the said court to the end that a judgment be entered therein in accordance therewith."

From the foregoing judgment plaintiff appealed.

*Edward H. MacMahan for plaintiff.*
*Bourne, Parker, Bernard & DuBose for defendant.*

BROGDEN, J. The principles of law applicable to the facts are well settled and the merits of this cause rest solely upon an interpretation of the evidence in the record.

In order to recover the benefits provided in the policy it was necessary for plaintiff to offer evidence tending to show: (1) permanent disability, and (2) due proof thereof within a period of one year from the date of the commencement of the disability. There was sufficient evidence of permanent disability within the contemplation of the terms of the policy of insurance, and the vital question is whether due proof was furnished within one year. The testimony tended to show that the disability commenced about March, 1931. In January, 1932, the plaintiff undertook, as he contends, to furnish proof thereof. Such proof consists of two elements: (a) the written statement of the attending physician, and (b) verbal statements to Mr. Cooke, paymaster of the Enka Corporation which employed the plaintiff and procured the group insurance. The written statement of the physician expressly declares that the plaintiff was not totally and permanently disabled and that the total disability was only temporary. Hence, the written proof furnished put the plaintiff out of court. However, the policy does not require that written proof should be furnished, and the plaintiff undertook to show that

verbal proof of disability was given within the one-year period. Manifestly such verbal proof should have been given to a proper agent of defendant. The testimony is to the effect that the oral declarations of disability were given to the paymaster of the Enka Corporation, who was "not employed in any way by the insurance company." There is evidence tending to show that Mr. Cooke looked after certain disability claims of employees of the corporation, but it does not appear whether such activities were performed in behalf of the corporation or of the defendant insurance company.

The burden of proof was upon the plaintiff, and as we interpret the record, there was no evidence that due proof of total disability has ever been furnished by the plaintiff to the defendant insurance company. Therefore, the ruling of the trial judge was correct.

Affirmed.