MRS. RUTH DEWEASE v. TRAVELERS INSURANCE COMPANY AND HIGHLAND PARK MANUFACTURING COMPANY.

(Filed 20 November, 1935.)

**1. Insurance F b—Employee held not entitled to disability benefits when proof of disability was not given while policy was in force.**

Under the terms of defendant insurer's group policy an employee furnishing due proof of disability while insured under the policy was entitled to disability benefits. The policy provided that insurance as to each employee should terminate upon termination of his employment, unless at such time the employee was disabled as defined in the policy. Plaintiff became disabled while insured under the policy, and premiums were deducted from her wages up to the time of her disabling injury, when her employment was terminated and no further deductions for premiums were made. The master policy was canceled about nine months after her injury. About two years after her injury plaintiff gave defendant insurer notice and proof of her disability. *Held:* Although the disability occurred while plaintiff was insured under the policy, notice and due proof of such disability were not given while plaintiff was insured under the policy, and notice within such time being made a condition precedent to liability under the policy, defendant insurer's motion for judgment as of nonsuit should have been granted.

**2. Insurance M b—**

The employer in a group insurance policy is not ordinarily the agent of the insurer for the purpose of receiving notice or proof of claim by an insured employee.

APPEAL by plaintiff from *Clement, J.,* at March Term, 1935, of MECKLENBURG.

This was an action to recover on a certificate of group insurance issued by the defendant Travelers Insurance Company to the plaintiff, who was at the time an employee of the Highland Park Manufacturing Company. Plaintiff claims total disability.

The certificate, dated 4 November, 1926, contains the following provision:

"The insurance of an employee covered hereunder shall end when his employment with employer shall end, except in a case where at the time of termination of employment the employee shall be wholly disabled and prevented by bodily injury or disease from engaging in any occupation or employment for wage or profit. In such case the insurance will remain in force as to such employee during the continuance of such disability for a period of three months from the date upon which the employee ceased to work, and thereafter during the continuance of such disability while this policy shall remain in force until the employer shall notify the company to terminate the insurance as to such employee. Nothing in this paragraph contained shall limit or extend the perma-

nent total disability benefit to which an employee shall become entitled under this policy."

The permanent total disability benefit clause in the policy is as follows:

"If any employee shall furnish the company with due proof that while insured under this policy he has become wholly disabled by bodily injuries or disease, and will be permanently, continuously, and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit, the company will waive further payment of premium as to such employee and pay in full settlement of all obligations to him under this policy the amount of insurance in force hereunder upon his life at the time of receipt of due proofs of such disability."

Plaintiff continued in the employ of the Highland Park Manufacturing Company, and amounts sufficient to pay the premiums on her policy were deducted from her wages until 17 August, 1931, when she was injured. Thereafter she ceased to be employed, and no further payments were made on the policy.

The superintendent of the Highland Park Manufacturing Company was verbally notified of plaintiff's injury shortly after it occurred. There was no evidence of other or further notice of any kind, until 12 August, 1933, when plaintiff's counsel wrote defendant insurance company, giving notice that she had been injured 17 July (August), 1931, and that she claimed benefit under the total disability clause of her policy. The master policy was canceled 27 May, 1932.

Voluntary nonsuit was taken as to the Highland Park Manufacturing Company.

Plaintiff offered evidence as to the manner of her injury and the extent of her disability thereafter.

At the conclusion of plaintiff's evidence, motion to nonsuit as to defendant insurance company was sustained, and from the judgment thereon plaintiff appealed.

*Ralph V. Kidd and John M. Robinson for plaintiff.*
*Tillett, Tillett & Kennedy for defendant Insurance Company.*

Devin, J. It is unnecessary to decide whether there was sufficient evidence to go to the jury that plaintiff was wholly disabled within the meaning of the policy, as the judgment of nonsuit must be sustained upon other grounds.

The language of the policy of insurance sued on in the instant case, as interpreted by this Court in construing similar provisions in *Johnson v. Ins. Co.,* 207 N. C., 512; *Hundley v. Ins. Co.,* 205 N. C., 780, and *Modlin v. Woodmen of the World, ante,* 576, in the light of the evidence offered here, compels the conclusion that the failure to furnish proof or

notice of any kind to defendant insurance company until two years after the plaintiff's employment had ended, and the payment of premiums had ceased, rendered plaintiff's claim unenforceable. Due proofs were not furnished the insurance company while she was insured under her policy. Her policy had lapsed.

Similar results have been reached in other jurisdictions: *Bergholm v. Peoria Life Ins. Co.,* 284 U. S., 489; *Iannarelli v. Ins. Co.,* 171 S. E. (W. Va.), 748; *Parker v. Ins. Co.,* 155 S. E. (S. C.), 617; *Ins. Co. v. Fugate,* 170 S. E. (Va.), 573; *Wick v. Ins. Co.,* 175 Pac. (Wash.), 953; *McCutcheon v. Ins. Co.,* 158 So. (Ala.), 729.

In *Bergholm v. Peoria Life Ins. Co., supra,* construing a similar provision in an insurance policy, *Associate Justice Sutherland,* speaking for the Court, uses this language:

"The obligation of the company does not rest upon the existence of the disability, but it is the receipt by the company of proof of the disability which is definitely made a condition precedent to an assumption by it (waiver) of payment of the premiums becoming due after the receipt of such proof."

In *Horn v. Ins. Co.,* 65 S. W. (2d), Ky., 1017, cited by plaintiff, the provisions of the policy were in some respects different from those in this case. And in *Smithart v. Ins. Co.,* 71 S. W. (2d), Tenn., 1059, also cited by plaintiff, it was held that where the contract stipulated no time within which proof of disability should be made, proof within a reasonable time would be sufficient, in that case seven months.

While there is no specific requirement in the policy as to the form of proof necessary, the informal statement to the superintendent of the Highland Park Manufacturing Company would not avail the plaintiff, for he was not the agent of the insurance company. *Ammons v. Ins. Co.,* 205 N. C., 23.

The employer in a group insurance policy is not ordinarily the agent of the insurance company. *Duval v. Ins. Co.,* 136 Atl. (N. H.), 400.

The judgment is
Affirmed.