MARY FULTON v. THE METROPOLITAN LIFE INSURANCE COMPANY.

(Filed 30 June, 1936.)

1. **Insurance F b—Employee held to have allowed insurance to lapse by failing to give proof of disability within reasonable time after termination of employment by reason of disability.**

Plaintiff was insured under a group policy providing for the payment of benefits upon receipt by insurer of proof of disability while the group policy was in force and plaintiff insured thereunder. Plaintiff became disabled and was forced thereby to cease her employment. Plaintiff did

not give insurer notice of her disability until more than a year after she had ceased to be an employee, and more than four months after the cancellation of the group policy. *Held:* Insurer's obligation rested upon the receipt of proof of disability and not upon the mere existence of disability, and plaintiff's rights under the policy lapsed by reason of her failure to give due proof of disability while she was an employee and insured, or within a reasonable time thereafter, in the absence of a showing of good and sufficient reason for failing to give such proof within a reasonable time.

2. **Insurance M e—Correspondence by insurer more than two years after inception of disability relative to facts of disability held not waiver of proof of disability.**

Correspondence between insurer and insured's attorney relative to insured's disability and facts necessary to establish insured's claim, had after notice by insured of such disability more than a year after its inception, but without intimation by insurer that it intended to waive the defense of failure to furnish proof of disability as required by the policy or within a reasonable time after the inception of the disability, *is held* not a waiver by insurer of such defense.

APPEAL by plaintiff from *Clement, J.,* at March Term, 1936, of ROCKINGHAM. Affirmed.

This is an action to recover upon a certificate of group insurance issued by the defendant to the plaintiff as an employee of the Riverside and Dan River Cotton Mills, Inc.

At the close of the plaintiff's evidence, the court sustained the motion of the defendant for judgment as of nonsuit, and the plaintiff reserved exception and appealed to the Supreme Court, assigning error.

*P. T. Stiers for plaintiff, appellant.*
*Smith, Wharton & Hudgins for defendant, appellee.*

SCHENCK, J. From the admissions in the pleadings and from the plaintiff's evidence it appears that on 1 January, 1920, the defendant Metropolitan Life Insurance Company executed and delivered to Riverside and Dan River Cotton Mills, Incorporated, of Danville, Virginia, a group insurance policy, No. 726-G, providing for the payment of certain disability and death benefits upon the terms specified in the policy, to certain employees of the mill company. On 10 October, 1926, Serial Certificate No. 24203 for $500.00 was, pursuant to the terms of the group policy, duly executed by the defendant and delivered to the plaintiff Mary Fulton, an employee of the mill company. Mary Fulton continued in the employment of the mill company until 15 December, 1929, when she became totally and permanently disabled and left the employ of the mill company.

The first notice of any type which was given to the defendant of the disability of the plaintiff was contained in a letter dated 31 December, 1930, and addressed to the defendant by P. T. Stiers, attorney for the plaintiff. The first proof of disability as required by the policy was furnished on 14 April, 1931. It also affirmatively appears from the plaintiff's evidence that the group insurance policy was canceled on 21 August, 1930.

The group insurance policy involved provided that:

"On receipt by the company at its home office of due proof that any employee insured hereunder has become wholly and permanently disabled by accidental injury or disease, before attaining the age of sixty years, so that he is and will be permanently, continuously, and wholly prevented thereby from performing any work for compensation or profit, the company will waive the payment of each premium applicable to the insurance on the life of such disabled employee that may become payable thereafter under this policy during such disability, and, in addition to such waiver, will pay to such employee during such disability, in full settlement of all obligations hereunder pertaining to such employee, and in lieu of the payment of insurance as herein provided, such monthly or yearly installments as may be selected by such employee by written notice to the company at its home office.  .  .  ."

The serial certificate issued to the plaintiff contained the following language:

"This is to certify that under and subject to the terms and conditions of the group policy No. 726-G, Mary Fulton, an employee of Riverside and Dan River Cotton Mills, Inc. (herein called the employer), is hereby insured for five hundred dollars."

The group policy also provides that:

"Upon termination of active employment, the insurance of any discontinued employee under this policy automatically and immediately terminates and the company shall be released from any further liability of any kind on account of such person, unless an individual policy is issued in accordance with the above provision."

The group policy provides that the benefit thereunder shall accrue upon the receipt by the insurance company of proof of the total and permanent disability of an insured employee. The evidence in this case establishes that the plaintiff ceased to be an employee of the insured company on 15 December, 1929, and that the first notice to the insurance company of any disability on the part of the plaintiff was given to it by the attorney of the plaintiff on 31 December, 1930, more than a year after she had ceased to be an employee, and more than four months after the cancellation of the policy. Manifestly, the plaintiff having ceased to be an employee of the insured company more than a year before giving notice of her disability, and the policy having been canceled more

FULTON v. INSURANCE CO.

than four months before the giving of such notice, this action cannot be maintained under the provisions of the group policy and serial certificate.

What was said by *Devin, J.,* in *Dewease v. Ins. Co.,* 208 N. C., 732, wherein the interpretation of a group insurance policy similar to the one under consideration was involved, is here applicable: "The language of the policy of insurance sued on in the instant case, as interpreted by this Court in construing similar provisions in *Johnson v. Ins. Co.,* 207 N. C., 512; *Hundley v. Ins. Co.,* 205 N. C., 780; and *Modlin v. Woodmen of the World, ante,* 576, in the light of the evidence offered here, compels the conclusion that the failure to furnish proof or notice of any kind to defendant insurance company until two years after the plaintiff's employment had ended, and the payment of premiums had ceased, rendered plaintiff's claim unenforceable. Due proofs were not furnished the insurance company while she was insured under her policy. Her policy had lapsed." The obligation of the insurance company does not rest upon the existence of the disability of the employee, but upon the receipt by the company of due proof of such disability. *Bergholm v. Peoria Life Ins. Co.,* 284 U. S., 489. Proof of the disability of the insured employee is a prerequisite to the liability of the insurance company, and such proof must be made within a reasonable time after such disability occurs, or good and sufficient reason for not making such proof within such time must appear. No such reason appears on this record.

We do not concur in the position taken by the appellant that the defendant waived the defense of the lapse of the plaintiff's insurance by the correspondence had with the plaintiff's attorney, and by requesting and receiving further information relative to the plaintiff's disability. All that was said and done occurred after 31 December, 1930. The plaintiff was asked to do and did nothing more than she was required by the terms of the policy to do to establish her claim. There is no intimation in the correspondence of an intention to waive the defense of the lapse of the plaintiff's insurance, or any other defense to the plaintiff's claim.

Having ceased to be an employee of the Riverside and Dan River Cotton Mills, Inc., on 15 December, 1929, and having waited until 31 December, 1930, after the cancellation of the group insurance policy, to file proof of her claim for disability benefits, which she alleges commenced on 15 December, 1929, the plaintiff cannot now maintain this action, instituted on 14 November, 1934. She allowed such insurance as she had to lapse by failing to make due proof of her disability while she was an employee and insured, or within a reasonable time after she ceased to be an employee by reason of her disability.

The judgment of the Superior Court is
Affirmed.