CHEROKEE INSURANCE COMPANY v. AETNA CASUALTY AND SURETY COMPANY

No. 795SC661

(Filed 15 April 1980)

**Insurance § 149 — comprehensive general liability policy — apartments not listed in declaration of hazards — owner of apartments listed as additional insured**

Defendant was liable under a comprehensive general liability insurance policy issued to Sicash Builders, Inc. for an injury to a third party on the

premises of Malibu Wilmington Apartments, although Malibu Wilmington Apartments was not listed in the declaration of hazards on the liability schedule, where the owner of the apartments, Malibu Wilmington, Inc., was listed as an additional insured; the policy did not have an endorsement that excluded Malibu Wilmington Apartments; the policy obligated the insurer to pay on behalf of the "insured" all sums which the "insured" shall become legally obligated to pay as damages because of bodily injury or property damage; and the policy provided a method for the insurer to collect the premium due for any change in coverage during the term of the policy.

APPEAL by plaintiff from *Small, Judge*. Judgment entered 7 May 1979 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 1 February 1980.

Plaintiff's complaint alleged: that it issued an insurance policy to Sicash Builders, Inc. covering Malibu Apartments from 7 July 1972 to 7 July 1975; that in May 1975, one Jesse Cumbee, III was injured in a lawnmower accident at Malibu Wilmington Apartments and sued Sicash; that at the time of the accident, defendant Aetna Casualty and Surety Company had issued a comprehensive general liability policy to Sicash; that plaintiff called on defendant to participate in the lawsuit, and defendant refused; that plaintiff has called on defendant to pay its proportionate share, but defendant has failed to do so. Plaintiff sought to recover 75% of the settlement payment and its investigative and defense costs.

In answering plaintiff's Requests for Admissions, defendant admitted that if coverage under its policy existed at the time of the injury, then it is liable for 75% of the settlement expenses. Plaintiff moved for summary judgment and filed a supporting affidavit. The parties stipulated that the issue of damages had been admitted. Defendant also moved for summary judgment. The court denied plaintiff's motion for summary judgment and granted defendant's motion. Plaintiff appealed.

*Marshall, Williams, Gorham & Brawley, by William Robert Cherry, Jr., for plaintiff appellant.*

*Poisson, Barnhill, Butler & Britt, by Donald E. Britt, Jr., for defendant appellee.*

ERWIN, Judge.

The application for the comprehensive general liability insurance policy issued by defendant to Sicash contained the following language: "This application contains a description of all hazards known to exist on this date and those which are likely to exist at some time during the policy period, unless otherwise stated herein."

The property referred to as Malibu Wilmington was not listed in the declaration of hazards on the liability schedule by Sicash, but Malibu Wilmington, Inc. was listed as an additional insured. Plaintiff contends that the property was covered by reason of the above language, since the policy did not have an endorsement that excluded Malibu Wilmington.

Defendant contends to the contrary that Malibu Wilmington (apartments) was not listed as a hazard on the liability schedule because of the express intent of the parties (Sicash and defendant) not to include it. Therefore, an endorsement to exclude it from coverage was not necessary.

To resolve the question, whether or not the trial court erred by granting defendant's motion for summary judgment pursuant to G.S. 1A-1, Rule 56, of the Rules of Civil Procedure, we must first determine whether there is any ambiguity in the language of the insurance policy in question. We find no ambiguity.

Liability insurance policies are construed in accordance with the general rule of resolving any ambiguity therein in favor of the insured. *Miller v. Caudle*, 220 N.C. 308, 17 S.E. 2d 487 (1941).

The settled rule is that where there is no ambiguity in the language used in the policy, the courts must enforce the contract as the parties have made it and may not impose liability upon the company which it did not assume and for which the policyholder did not pay. *Grant v. Insurance Co.*, 295 N.C. 39, 243 S.E. 2d 894 (1978); *Trust Co. v. Insurance Co.*, 276 N.C. 348, 172 S.E. 2d 518 (1970); *Williams v. Insurance Co.*, 269 N.C. 235, 152 S.E. 2d 102 (1967). If on the other hand, the language is ambiguous or reasonably susceptible to two interpretations, the courts will give it the interpretation which is most favorable to the insured, that is, in favor of coverage. *Woods v. Insurance Co.*, 295 N.C. 500, 246 S.E. 2d 773 (1978). In addition, the terms of an insurance contract

must be given their plain, ordinary, and accepted meanings unless they have acquired a technical meaning in the field of insurance or unless it is apparent that another meaning was intended. *Grant v. Insurance Co., supra.*

As stated in 45 C.J.S., Insurance, § 791, p. 830: "[B]roadly speaking, the so-called comprehensive provision of a policy [as in this case] covers loss or damage caused by any risk or peril other than those expressly excluded or excepted from coverage."

In the policy, Malibu Wilmington, Inc. was listed as an additional insured. The policy provided: "This endorsement, issued by one of the below named companies, forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein." Listed below the above provision was the following:

"(The information below is required only when this endorsement is issued subsequent to preparation of policy)

| Endorsement effective | Policy  No. | Endorsement  No. | | |
|---|---|---|---|---|
| Named Insured | | | | |
| Additional | Return Premium | | BI | PD |
| Premium $ | | In   Advance | $ | $ |
| | | 1st Anniv. | $ | $ |
| | | 2nd Anniv. | $ | $" |

Defendant contends that no liability attached, because there was an agreement between it and the insured (Sicash) not to insure the property. Thus, there was no need to fill out the information required to exclude original liability, and it was their custom not to do so. We reject this argument. The language in the policy provided for coverage of the additional insured, Malibu Wilmington, Inc., the owner of the apartments, effective as of the date of the policy's inception, unless otherwise indicated. The accident for which coverage is sought occurred after the inception of the policy. Furthermore, we find other language in the policy helpful. The policy contained a declaration. The declaration provides:

"By acceptance of this policy, the *named insured* agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and (that this policy embodies

all agreements existing between himself and the *company* or any of its agents relating to this insurance)."

The insuring agreement reads:

"I. BODILY INJURY LIABILITY COVERAGE
PROPERTY DAMAGE LIABILITY COVERAGE

The company will pay on behalf of the *insured* all sums which the *insured* shall become legally obliged to pay as damages because of

> *bodily injury* or
> *property damage*

to which this insurance applies, caused by an *occurrence*, and the company shall have the right and duty to defend any suit against the *insured* seeking damages on account of such *bodily injury* or *property damage*, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements."

To us, the declaration is clearly inconsistent with the contentions of the defendant—that the parties expressly omitted Malibu Wilmington from coverage. The clear language of defendant's own contract excludes any prior understanding between the parties not embodied in the policy. Chief Justice Stacy spoke for our Supreme Court in *Electric Co. v. Insurance Co.*, 229 N.C. 518, 520, 50 S.E. 2d 295, 297 (1948):

> "Policies of liability insurance, like all other written contracts, are to be construed and enforced according to their terms. If plain and unambiguous, the meaning thus expressed must be ascribed to them. But if they are reasonably susceptible of two interpretations, the one imposing liability, the other excluding it, the former is to be adopted and the latter rejected, because the policies having been prepared by the insurers, or by persons skilled in insurance law and acting in the exclusive interest of the insurance company, it is but meet that such policies should be construed liberally in

respect of the persons injured, and strictly against the insurance company. *Roberts v. Ins. Co.*, 212 N.C. 1, 192 S.E. 873, 113 A.L.R. 310; *Underwood v. Ins. Co.*, 185 N.C. 538, 117 S.E. 790; *Bray v. Ins. Co.*, 139 N.C. 390, 51 S.E. 922; *Bank v. Ins. Co.*, 95 U.S. 673."

The only question remaining relates to the payment of premium. Defendant contends that no premium was paid by Sicash for Malibu Wilmington. The following condition was provided as a part of the policy in question:

"1. *Premium*

All premiums for this policy shall be computed in accordance with the *company's* rules, rates, rating plans, premiums and minimum premiums applicable to the insurance afforded herein.

Premium designated in this policy as 'advance premium' is a deposit premium only which shall be credited to the amount of the earned premium due at the end of the policy period. At the close of each period (or part thereof terminating with the end of the policy period) designated in the declarations as the audit period the earned premium shall be computed for such period and, upon notice thereof to the *named insured*, shall become due and payable. If the total earned premium for the policy period is less than the premium previously paid, the *company* shall return to the *named insured* the unearned portion paid by the *named insured*.

The *named insured* shall maintain records of such information as is necessary for premium computation, and shall send copies of such records to the *company* at the end of the policy period and at such times during the policy period as the *company* may direct."

The above language relating to adjustment of premiums provided a method for the insurer to be paid for its coverage. Defendant placed this condition in the policy in clear language. To us, the provision means that the insurer expected changes during the period of the policy to increase the insurable risk within the broad scope of the general coverage. The language of the policy is forthright. The insuring agreement includes "all sums which the *insured* [Sicash] shall become legally obliged to pay." Finally, we

conclude that defendant has a method to collect the premium due pursuant to the terms of the policy in question.

Our rules do not permit defendant (insurance company) to have a clearly written contract of insurance on one hand showing coverage of Malibu Wilmington and a verbal contract on the other hand showing no coverage.

The entry of summary judgment below is reversed, and the case is remanded for entry of summary judgment for plaintiff.

Reversed and remanded.

Judges MARTIN (Robert M.) and WELLS concur.