THE FIRST NATIONAL BANK OF ANSON COUNTY, ADMINISTRATOR OF THE ESTATE OF JOHN GATEWOOD, DECEASED, PLAINTIFF AND BRIGHT M. GATEWOOD, ADDITIONAL PLAINTIFF v. NATIONWIDE INSURANCE COMPANY AND HORNWOOD, INC., DEFENDANTS

No. 8020DC222

(Filed 4 November 1980)

1. **Insurance § 16– group life insurance policy – waiver of premiums upon disability – ambiguous provision – notice by employer required**

In an action to recover on a group life insurance policy, the clause providing for waiver of premium in the event of total disability of a certificate holder was ambiguous as to the requirement for initial notice of the

disability and was susceptible to the interpretation by the court that the employer rather than the employee was required to notify defendant insurer of total disability, since the evidence tended to show that not only did the terms of the policy contemplate that employer would bear full responsibility for reporting certificate holder status to defendant insurer and for collecting and remitting all premiums, but also that in practice the certificate holders, including the deceased employee in question, dealt exclusively with employer, having no direct contact with defendant insurer whatsoever.

2. **Insurance § 29.1– beneficiary named in application for group life policy – replacement policy – beneficiary not changed**

In an action to recover on a group life insurance policy where the contract allowed the certificate holder to make valid designation of a beneficiary "on a form . . . satisfactory to the company," the deceased employee's enrollment and register card which served as his application for coverage, as well as his designation of beneficiary, applied by its terms to the group insurance for which the employee was then or might become eligible under policies issued to employer by defendant insurance company; there was testimony that the parties considered the employee's enrollment card as still effective with regard to the new policy which replaced the policy in effect at the time the employee prepared the enrollment card; the employee never took steps to change his designation of beneficiary; and where no designation is contained in the contract, the designation of a beneficiary in the application controls.

APPEAL by defendants Nationwide Insurance Company, Hornwood, Inc., and plaintiff, The First National Bank of Anson County, Administrator of the Estate of John Gatewood, Deceased, from *Honeycutt, Judge.* Judgment entered 4 October 1979 in District Court, ANSON County. Heard in the Court of Appeals 10 September 1980.

This action was brought by plaintiff Bank, as administrator of the estate of John Gatewood, against defendant Nationwide to recover on a group life insurance policy. Gatewood's employer, Hornwood, was subsequently joined as a defendant, and Gatewood's widow, Bright M. Gatewood, was subsequently joined as a plaintiff. The action was heard by the trial judge, without a jury.

Hornwood, Inc. operates a textile plant in Anson County. Decedent John Gatewood was employed by Hornwood on 30 April 1971. Upon his employment, John Gatewood was enrolled as a certificate holder for life insurance coverage under a group insurance policy issued by defendant Nationwide to defendant Hornwood. As the policyholder, Hornwood forwarded the pre-

miums for all its employees to Nationwide. Hornwood also notified Nationwide each month of the names and changes in status of its employees.

On 13 November 1973 in the course of his employment, John Gatewood suffered a serious accident which rendered him totally disabled. Gatewood began receiving worker's compensation on 14 November 1973. Gatewood's employment with Hornwood was terminated on 7 August 1974.

Although Hornwood's personnel manager knew of Gatewood's injury and his receipt of worker's compensation, no notice of his disability was filed with Nationwide. In its August 1974 report to Nationwide, Hornwood listed Gatewood's employment as terminated rather than describing Gatewood as disabled. Until that time, Hornwood continued paying premiums for Gatewood's coverage.

Gatewood died on 9 December 1975. Nationwide received notice of Gatewood's death and earlier disability in January 1976. Plaintiffs asserted that the insurance policy was in full force and effect with regard to Gatewood on 9 December 1975, by operation of the Waiver of Premium Clause, discussed below.

The trial court entered judgment that defendant Nationwide was liable to plaintiff Bright Gatewood for the policy proceeds. Plaintiff Bank and defendant Nationwide moved to set the judgment aside and for a new trial. These motions were denied and they appeal, plaintiff Bank appealing from entry of judgment in favor of plaintiff Bright Gatewood.

*E.A. Hightower for additional plaintiff appellee.*

*Henry T. Drake for plaintiff appellant Bank.*

*Taylor & Bower, by George C. Bower, Jr., for defendant appellants.*

WELLS, Judge.

Basic to a determination of this case is the construction of the first sentence of the Waiver of Premium Clause. The policy provided as follows:

## WAIVER OF PREMIUM IN EVENT OF TOTAL DISABILITY

If a Certificateholder becomes totally disabled prior to his 60th birthday and satisfactory proof is furnished within one year after he becomes totally disabled and while the Policy is in force, that his total disability has continued uninterruptedly for a period of at least six months and to the date that proof is furnished, the Company will continue the Life Insurance on the Certificateholder without payment of premium during the further uninterrupted continuance of his total disability. If the Certificateholder dies during such a period of total disability but prior to the date that satisfactory proof of total disability is furnished, the Company will pay an amount equal to that which would have been continued if satisfactory proof of his total disability had been furnished. The amount of insurance continued or paid will be the amount for which he was insured on the date he became totally disabled, subject to any reduction at a specified age or other specified time as stated in the Schedule of Benefits.

If a Certificateholder dies while insurance is being continued in accordance with this provision, the Company will pay the amount then being continued on his life, provided notice of his death is given to the Company's home office within one year after the date of his death.

Proof of the continuance of total disability satisfactory to the Company must be submitted to the Company's home office on request, but not more often than once a year after total disability has continued for two years. The Company may, at its own expense, examine the Certificateholder when and so often as it may reasonably require, but not more often than once a year after disability has continued for two years.

. . . .

Defendants contend that the sentence clearly created a condition precedent to the insurer's liability, requiring that the employee-insured furnish proof of his disability to defendant Nationwide's home office within the specified time. On this ground, defendants assign error to the trial court's denial of defendants' motions to dismiss at the close of plaintiff's evidence and at the close of all evidence, and for denial of defendants' motion for judgment notwithstanding the verdict.

As the finder of fact in this non-jury trial, the judge found this sentence to be ambiguous and susceptible of explanation by extrinsic evidence. The trial court made findings of fact

that the only contact or communication relative to or concerning the policy between Nationwide Insurance Company and Hornwood, Inc. or between said insurance company and employees of Hornwood, Inc. were [sic] by Hornwood, Inc.;

that under the terms of the policy the certificate holder was not required to make any reports or keep any records but that all of those duties and responsibilities were placed on the policyholder according to the terms of the policy;

. . . .

That prior to his death, the certificate holder, John Gatewood, was not, under the terms of the policy, required to notify the defendant, Nationwide Insurance Company, of his total disability;

That under the terms of the policy satisfactory proof was furnished to the defendant, Hornwood, Inc., that John Gatewood, certificate holder, was totally disabled.

That under the terms of the policy, the only requirement of the certificate holder was that the certificate holder furnish proof of total disability to the company, Nationwide Insurance Company, upon request.

Upon his findings of fact, the trial court entered the following pertinent conclusions:

Upon the foregoing findings of fact, the Court concludes as matters of law that the section of the policy entitled "Waiver of Premium in Event of Total Disability" applies and no premiums were required to be paid to maintain the policy in force after August 1, 1974 because of his continued total disability for more than six months' time and his accidental death occurring prior to the insurance company's receiving notice of his total disability;

And that by virtue of said section the policy was in full force and effect at the time of John Gatewood's death on December 9, 1975;

And that the Group Policy of Insurance as it related to John M. Gatewood, Class C certificate holder, was in full force and effect on the date of his death, December 9, 1975;

An insurance policy is a contract between the parties, and the intention of the parties is the controlling guide in its interpretation. *Hawley v. Insurance Co.*, 257 N.C. 381, 387, 126 S.E. 2d 161, 167 (1962). Insurance policies must be given a reasonable interpretation. Where there is an ambiguity and the policy provision is susceptible of two interpretations, one of which imposes liability upon the company and the other does not, the provision will be construed in favor of coverage and against the company. *Williams v. Insurance Co.*, 269 N.C. 235, 238, 152 S.E. 2d 102, 105 (1967); *Insurance Co. v. Surety Co.*, 46 N.C. App. 242, 244, 264 S.E. 2d 913, 915 (1980). The words in the policy having been selected by the insurance company, any ambiguity or uncertainty as to their meaning must be resolved in favor of the beneficiary and against the company. *Trust Co. v. Insurance Co.*, 276 N.C. 348, 354, 172 S.E. 2d 518, 522 (1970). If there be an ambiguity in the language of the policy and the language is reasonably susceptible to either of the constructions for which the parties contend, the intent and meaning is a question of law for the court. *Id.*, 172 S.E. 2d at 522.

[1] The trial court's findings of fact on this aspect of the case are clearly supported by the evidence and are therefore conclusive on appeal. *Transit, Inc. v. Casualty Co.*, 285 N.C. 541, 547, 206 S.E. 2d 155, 159 (1974); *Bank v. Insurance Co.*, 42 N.C. App. 616, 622, 257 S.E. 2d 453, 457 (1979); *Windfield Corp. v. Inspection Co.*, 18 N.C. App. 168, 175, 196 S.E. 2d 607, 611 (1973). In seeking to determine the intent of the parties, as that intent lends enlightenment to the meaning of the terms of the Waiver Clause, the trial court considered evidence showing that not only did the terms of the policy contemplate that Hornwood would bear full responsibility for reporting certificate holder status to Nationwide and for collecting and remitting all premiums, but also that in practice, the certificate holders, including Gatewood, dealt exclusively with Hornwood, having no direct contact with Nationwide whatsoever. Such of this evidence bearing on intent and meaning as was extrinsic to the policy itself was clearly competent for these purposes. *See Goodyear v. Goodyear*, 257 N.C. 374, 380, 126 S.E. 2d 113, 118 (1962).

We agree that the terms of the Waiver Clause as to the requirement for initial notice of disability were ambiguous, susceptible to the interpretation reached by the trial court.

Defendant Nationwide argues that the opinions of our Supreme Court in *Dewease v. Insurance Co.*, 208 N.C. 732, 182 S.E. 447 (1935); *Ammons v. Assurance Society*, 205 N.C. 23, 169 S.E. 807 (1933), require judgment in its favor in this case. The clauses in those cases were worded differently from the clause in the case *sub judice* and we therefore believe those cases must be distinguished on the facts. *Also compare Fulton v. Insurance Co.*, 210 N.C. 394, 186 S.E. 486 (1936).

Defendants also assign error to other findings of fact of the trial court, relating to Gatewood's accident in the course of his employment and his resulting total disability, his accidental death within the allowable time period, Hornwood's actual knowledge of his total disability and that this knowledge was "satisfactory proof" as required by the policy. All of these findings were supported by competent evidence and are therefore binding on this Court. *Transit, Inc. v. Casualty Co., supra.* We affirm the trial court's determination that the group insurance policy, by operation of the Waiver of Premium Clause, was in effect as of the date of John Gatewood's accidental death.

[2] Plaintiff Administrator of Gatewood's Estate assigns as error the trial court's finding of fact that Gatewood had designated the additional plaintiff, Bright M. Gatewood, as the beneficiary under said policy. Plaintiff Administrator argues that the group insurance policy in effect on 29 April 1971 when Gatewood named Bright M. Gatewood his beneficiary in his application, was cancelled and replaced by a new policy from the same insurance company on 1 June 1972. Plaintiff Administrator suggests that the designation of Bright M. Gatewood as beneficiary on 29 April 1971 had no effect on the new group insurance policy in effect on the date of Gatewood's death. We disagree.

Plaintiff Administrator correctly argues that the person entitled to the proceeds of a life insurance policy must be determined in accordance with the contract. 2 Appleman, Insurance Law and Practice § 781, at 173-74; *see Duke v. Insurance Co.*, 286 N.C. 244, 247, 210 S.E. 2d 187, 189 (1974); *Bullock v. Insurance Co.*, 234 N.C. 254, 67 S.E. 2d 71 (1951). The contract in this case

allows the certificate holder to make valid designation of a beneficiary "on a form ... satisfactory to the Company". Gatewood's enrollment and register card that served as his application for coverage as well as his designation of beneficiary, applied, by its terms, to the group insurance for which Gatewood was then or *might become* eligible under policies issued to Hornwood by defendant insurance company. There was testimony that the parties considered Gatewood's enrollment card as still effective with regard to the new policy, and that Gatewood never took steps to change his designation of beneficiary. Where no designation is contained in the contract, the designation of a beneficiary in the application controls. 2 Appleman, Insurance Law and Practice § 771, at 139-40. The evidence clearly supports the trial court's findings of fact with respect to Bright M. Gatewood as the designated beneficiary of the policy, and these findings clearly support the verdict in her favor.

Affirmed.

Judges ARNOLD and ERWIN concur.