tiff's intestate were caused by the negligence of the defendants as alleged in the complaint, there was no error in the allowance by the trial court of defendants' motion for judgment as of nonsuit, at the close of the evidence for the plaintiff.

The judgment is

Affirmed.

CHARLIE BURCHFIELD v. THE TRAVELERS INSURANCE COMPANY.

(Filed 15 June, 1936.)

**Insurance F b—**

> In this action to recover disability benefits on a certificate issued to insured employee under a group policy, judgment for insured is affirmed under authority of *Dewease v. Ins. Co.*, 208 N. C., 732.

APPEAL by plaintiff from *Clement, J.,* at March Term, 1936, of ROCKINGHAM.

Civil action to recover on a certificate of group insurance identical in terms *mutatis mutandis* with the certificate sued upon in *Dewease v. Ins. Co.,* 208 N. C., 732, 182 S. E., 447.

Plaintiff left the employ of McAden Mills, 19 September, 1931. His premiums were continued by his daughter until January, 1933, when a new master policy was issued by defendant. Plaintiff's action is based upon the old policy, not on the new one. No further premiums were paid by plaintiff or his daughter after January, 1933.

On 10 March, 1934, plaintiff gave notice of claim to defendant Travelers Insurance Company, which notice was received 14 March. This action was instituted 3 October, 1934.

From judgment of nonsuit entered at the close of plaintiff's evidence, he appeals, assigning errors.

*P. T. Stiers for plaintiff, appellant.*
*Sapp & Sapp for defendant, appellee.*

PER CURIAM. The fact situation in the instant case is identical in principle with that appearing in the case of *Dewease v. Ins. Co.,* 208 N. C., 732, 182 S. E., 447. The cited case is a direct authority for the ruling here.

Affirmed.