30596. SOUTHERN LIFE INSURANCE COMPANY *v.* COBB.

DECIDED SEPTEMBER 30, 1944.

*Robert H. Jones, Alex M. Hitz,* for plaintiff in error.

*Robert T. Speer,* contra.

BROYLES, C. J. (After stating the foregoing facts.) The assignment of error on the judgment overruling the demurrer is not argued or insisted upon in the brief of counsel for the plaintiff in error and therefore is treated as abandoned. The policy sued on was a "multiple group policy, insuring employees of a common employer." The policy contained the following provision: "This term policy may be renewed with the consent of the company from month to month by payment of the total monthly term premium . . so long as the said premium is so paid under a contract between the company and the employer for its collection and remittance to the company during the employee's active employment with the employer, and no longer." The policy provided also that the death benefit would be paid to the beneficiary if the death of the employee occurred "while this policy is in full force and effect." In *Joiner v. Metropolitan Life Ins. Co.,* 43 *Ga. App.* 1 (157 S. E. 703), this court said: "Since liability under the policy of group insurance sued on was conditioned and dependent on the decedent's remaining in the service of his employer, the railway company, up to the time of his death, and the undisputed testimony . . shows that the employment of the decedent had been actually terminated

prior to his death, the court did not err in directing a verdict in favor of the defendant."

Another provision of the policy reads: "The payment of any premium will not continue this policy in force beyond the period for which it is paid, except that a grace period ending at 12 o'clock noon . . on the tenth day following the day on which any renewal premium is payable hereunder will be allowed for the payment of the premium then due and unpaid, during which grace period this policy will remain in full force." And the defendant in error contends that since the stipulation of facts shows that the monthly premium for the period from February 15 to March 15, 1943, had been paid on or about February 11, 1943, and that the insured died on March 18, 1943, the insured died during the grace period while the policy was in force. Such a contention would be applicable to an ordinary policy of life insurance, but does not apply to the policy sued upon in this case where it was expressly provided that the policy could be renewed from month to month "during the employee's active employment with the employer, and no longer." That provision clearly amounted to a statement that the policy would be in force only while the insured employee remained in the service of his employer, Atlanta Ordnance Base, Motor Vehicle Division. It could not reasonably be construed to mean anything else. The undisputed evidence shows that the insured ceased being an employee of his employer (Atlanta Ordnance Base, Motor Vehicle Division) on February 20, 1943. Therefore, under the provisions of his policy, his contract of insurance was automatically canceled and his policy was not in force after that date. He had paid the premium due on February 15, 1943, and that payment would have carried the policy to March 15, 1943, *if he had continued to be an employee of the employer named in the policy,* and the ten days grace provision would then have applied to his policy, and it would have been in force at his death. But he had discontinued his employment twenty-three days prior to March 15, 1943, and his contract of insurance was not in force on that date for the reason that he had ceased to be an employee of his employer twenty-three days prior thereto.

However, the defendant in error further contends that under the conversion privilege of the policy, the contract of insurance was extended for thirty days beyond the expiration of the contract which

occurred on February 20, 1943. The conversion privilege of the policy reads: "Upon leaving the service of the employer, the employee may exchange this group policy, without evidence of insurability, for such individual policy as the company may be then issuing covering the same benefits, and at the company's premium rates then in force for such benefits' so issued, *provided this insurance is in force at the time of leaving the service of the employer and provided further that application for such exchange is made within 30 days of such termination of employment.* This conversion privilege will not be available to the employee, however, upon any termination of all group insurance on the employees of the employer." (Italics ours.)

In *Cutledge* v. *Ætna Life Ins. Co.*, 53 *Ga. App.* 473 (186 S. E. 208), where the conversion privilege in the policy was substantially similar to that in the instant case, this court said: "The petition in the present case expressly alleges that the employment of insured terminated with the employer three days before his death. Therefore the petition set out no cause of action, unless, as contended by counsel for plaintiff in error, the conversion clause . . had the effect of extending the coverage of insurance upon an employee thirty-one days after his cessation of employment, during which time he might apply for an individual policy, without proof of insurability. This argument, however, is not sound, and is not in accordance with the plain provisions of the policy, which provide that upon termination of employment, the certificate is automatically canceled. . . If it had been the intention of the parties to extend the coverage of insurance during the thirty-one days in which the insured might apply for an individual certificate, such language as is commonly used with reference to grace period of thirty-one days for payment of premiums that, during such time 'the policy will remain in full force and effect,' could have been easily employed. As the contract stands, it is apparent that upon termination of employment, the insurance coverage ceased." In that case the petition was dismissed on demurrer. In the instant case, the stipulation of facts demanded a finding that the employment of the insured by the employer terminated approximately twenty-six days before his death, and that the insured never made an application to the company for another individual policy.

The evidence demanded a judgment for the defendant, and the

court erred in rendering a judgment for the plaintiff. The cases cited by counsel for the defendant in error are distinguished by their facts from this case.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*