EMMA L. HANELINE v. TURNER WHITE CASKET COMPANY, INC., AND WASHINGTON NATIONAL INSURANCE COMPANY.

(Filed 12 June, 1953.)

**1. Insurance § 8—**

The employer in a group insurance policy is not ordinarily the agent of the insurance company.

**2. Insurance § 13a—**

A contract of life insurance, like any other contract, is to be interpreted and enforced according to the terms of the policy.

**3. Insurance § 32c—**

Where the group policy and the individual certificate provide that upon notification to the insurer the certificate should terminate at the end of the policy month in which the employee's active employment should end, such provision must be given effect, notwithstanding that during the month the employee was discharged the employer deducted from his wages his part of the premium for a quarter in advance, and upon the death of the employee after termination of the certificate but prior to the expiration of the quarter for which his premium had been deducted, insurer may be held liable only for the return of the unearned premium.

APPEAL by plaintiff from *Patton, Special Judge,* October Term, 1952, of FORSYTH. Modified and affirmed.

This was a suit by plaintiff beneficiary to recover on a certificate of life insurance issued to Charles R. Haneline by the defendant Insurance Company under a group insurance policy for employees of defendant Casket Company.

From judgment on an agreed statement of facts that plaintiff recover nothing, the plaintiff appealed.

*C. B. Poindexter and J. J. Harris for plaintiff, appellant.*
*Womble, Carlyle, Martin & Sandridge for defendants, appellees.*

DEVIN, C. J. The certificate of life insurance issued to Charles R. Haneline, employee, under the group insurance policy issued by defendant Insurance Company covering the employees of defendant Casket Com-

pany, employer, contains this provision: "This insurance shall teminate whenever the employee shall leave the service of said employer." The group insurance policy issued to the Casket Company provided: "The insurance of any employee covered hereunder shall terminate at the end of the policy month in which his active employment with the employer shall end."

According to the statement of facts the defendant Insurance Company had issued to Charles R. Haneline, employee of defendant Casket Company, 10 December, 1950, certificate of insurance under the master policy to his employer, and under agreement between employer and employee the Casket Company deducted from the wages of Haneline each quarter his share of the premiums on his certificate of insurance in the sum of $3.75, and remitted it to the Insurance Company. Under this arrangement the Casket Company on 21 March, 1951, deducted from his wages $3.75. On 27 March Charles R. Haneline was discharged by the Casket Company and his employment terminated on that date, and on 31 March the Insurance Company was notified of this action and the certificate issued to the employee was canceled as of that date.

After the termination of his employment Charles R. Haneline made no application or request for conversion or for any other benefit under the policy. Charles R. Haneline died 16 May, 1951.

According to the terms of the policy the insurance of Haneline, upon his discharge by the Casket Company, terminated at the end of the policy month in which his active employment terminated. As the policy month began 10 March the insurance thereunder terminated on his discharge at the end of that month, 10 April. However, the amount of premium deducted from his wages had been computed for the entire quarter ending 10 June. Hence it would seem there was an unearned portion of the premium, amounting to $2.50, which the defendant Insurance Company in its answer offers to return to the plaintiff.

The plaintiff's position is that since the Casket Company, the employer, deducted from the wages of the decedent an amount sufficient to pay the premium to 10 June, 1951, and as no refund was made at the time of his discharge, his beneficiary is now entitled to recover the full amount of the policy. The plaintiff relies on what was said by this Court in *Hicks v. Insurance Co.,* 226 N.C. 614, 39 S.E. 2d 914. But we do not think the principle stated in that case is applicable to the facts in the case at bar. In the *Hicks case* the Insurance Company resisted payment on the ground that it was provided in the policy that the policy should be void if there was in force another policy on the life of insured issued by the same company unless the number of the prior policy was endorsed on the policy with a waiver signed by the company. It was thought that as the insurance company had knowledge of the policies it

had issued on the life of the insured it would be inequitable to permit the Insurance Company to take advantage of that limitation.

It was said in *Dewease v. Insurance Co.,* 208 N.C. 732, 182 S.E. 447, "The employer in a group insurance policy is not ordinarily the agent of the insurance company." *Burchfield v. Ins. Co.,* 210 N.C. 828, 185 S.E. 926. And in *Boseman v. Connecticut Gen. L. Ins. Co.,* 301 U.S. 196 (204), the Court characterized the functions of the employer in group insurance as follows: "Employers regard group insurance not only as protection at low cost for their employees but also as advantageous to themselves in that it makes for loyalty, lessens turn-over and the like. When procuring the policy, obtaining applications of employees, taking payroll deduction orders, reporting changes in the insured group, paying premiums and generally in doing whatever may serve to obtain and keep the insurance in force, employers act not as agents of the insurer but for their employees or for themselves."

We are unable to agree with plaintiff's position on the facts of this case. Here the decedent after his discharge made no request for any benefit under the policy, left the employment of the Casket Company and secured employment with another employer and was so engaged at the time of his death. The measure of liability of the insurance company is to be determined by the terms, provisions and limitations of the contract of insurance.

It was specifically set out in both the master group policy and in the certificate issued to the decedent that insurance thereunder should terminate at the end of the policy month in which his active employment with the employer should end. It was provided that the employer should give written notification to the insurance company of termination of employment, and that "such written notification shall be satisfactory evidence that such insurance has terminated and shall release the company from all claim on account of the insurance so terminated."

The group insurance policy and the individual certificate were issued in compliance with the statute G.S. 58-211. It is provided in this statute that "the standard provisions required for individual life insurance policies shall not apply to group life insurance policies."

A contract of life insurance, like any other contract between the parties, is to be interpreted and enforced according to the terms of the policy. *Bailey v. Ins. Co.,* 222 N.C. 716, 24 S.E. 2d 614; *Stanback v. Ins. Co.,* 220 N.C. 494, 17 S.E. 2d 666; *Taft v. Casualty Co.,* 211 N.C. 507, 191 S.E. 10.

According to the terms of the policy the decedent's insurance terminated 10 April, 1951. However, we think the judgment should have provided for the payment of the sum of $2.50 to the plaintiff as offered by the defendant Insurance Company.

Accordingly the judgment as thus modified will be
Affirmed.