SUE C. LOVE v. THE STATE MUTUAL LIFE ASSURANCE COMPANY OF WORCESTER, MASSACHUSETTS.

(Filed 21 October, 1959.)

**1. Insurance § 21—**
  A certificate under a group policy terminates upon the termination of insured's membership in the association holding the group policy, and insured's liability is terminated when insured does not avail himself of the conversion privilege provided in the policy, there being no contention that the termination of the insured's membership was wrongful or fraudulent.

**2. Insurance §§ 14, 16—**
  Provision in a certificate under a group policy for waiver of premiums due after receipt by the insurer at its home office of written notice of disability cannot entitle the beneficiary to recover upon the death of insured, even though insured may have become disabled prior to the termination of his membership in the association holding the group policy, when notice of such disability is not communicated to the insurer until after insured's death some five months after the termination of his membership.

HIGGINS, J., not sitting.

APPEAL by plaintiff from *Sharp, Special Judge,* 9 March 1959 Special Civil Term, of MECKLENBURG.

The plaintiff, beneficiary under a group insurance policy issued by the defendant on the life of John H. Love, Sr., instituted this action to recover the face amount of the policy in the sum of $1,000, plus interest.

Prior to 15 August 1956, John H. Love, Sr. was a member of the Charlotte Musicians Association (formerly known as the Musicians Protective Union Local 342, A. F. of M.). The Association was covered by the defendant's policy No. GL-2523, a non-contributory group life policy, under which the Association paid the premiums for its members and furnished them with certificates showing the insurance protection to which they were entitled. John H. Love, Sr. held Certificate No. 126.

It is stipulated that John H. Love, Sr.'s membership in the Associa-

tion was terminated on 15 August 1956. The Association thereafter notified the insurance company that Love was no longer a member.

Plaintiff introduced medical testimony tending to show that Love became disabled as early as 24 April 1956, and that during the alleged disability, deceased was not interested in, or capable of, discussing his financial affairs.

It is also stipulated that no notice of any disability which might have been suffered by John H. Love, Sr. was at any time given to the defendant until after his death, which occurred on 15 January 1957.

At the close of all the evidence, the court granted defendant's motion for nonsuit and dismissed the action. The plaintiff appeals, assigning error.

*Charles T. Myers, John F. Ray for plaintiff.*
*Kennedy, Covington, Lobdell & Hickman; Clarence W. Walker; Edgar Love, III, for defendant.*

DENNY, J. The question for determination on this appeal is whether the court below committed error in granting the defendant's motion for judgment as of nonsuit.

The group policy was a contract between the defendant and the Charlotte Musicians Association, hereinafter called Association, for the benefit of its members. The certificate held by the insured contains the following: "NOTICE TO MEMBERS. IMPORTANT: You should keep this Certificate in a safe place known to you and your beneficiary.

"If you should cease to be a Member of the Association at any time for any reason whatsoever, or if the Group Life Policy should be terminated at any time, you should refer to Section III of this Certificate, entitled 'Conversion Privilege.'

"If you leave work because of total disability before age 60 you should refer to Section II of this Certificate entitled 'Protection of Insurance with Waiver of Premium.' "

It was stipulated in the court below that the membership of John H. Love, Sr. in the Association was terminated on 15 August 1956. And there is no contention that the termination of the insured's membership in the Association was wrongful or fraudulent.

Therefore, under our decisions, the insurance held by John H. Love, Sr. automatically lapsed on 15 August 1956, subject to the conversion privilege provided in the policy. *Lineberger v. Trust Co.,* 245 N.C. 166, 95 S.E. 2d 501; *Haneline v. Casket Co.,* 238 N.C. 127, 76 S.E. 2d 372. See also *Lewis v. Connecticut General Life Ins.Co.* (1936 Tex.

App.), 94 S.W. 2d 499; *Baker v. Prudential Ins. Co.* (1935), 279 Ill. App. 5.

The insured did not take advantage of the conversion privilege which was available to him for 31 days after he ceased to be a member of the Association. Neither did he nor anyone in his behalf, as provided in the insurance certificate, notify the defendant while the policy was in force that the insured was disabled, which was a prerequisite to the obtaining of waiver of premiums. *Dewease v. Insurance Co.*, 208 N.C. 732, 182 S.E. 447; *Bergholm v. Peoria Life Ins. Co.*, 284 U.S. 489, 76 L.Ed. 416.

The policy provides: "If any member, while insured hereunder, shall furnish due proof that prior to his 60th birthday, he has become disabled because of accident or disease, so that he is wholly unable to perform any work, mental or manual, or to engage in any occupation or business for compensation, remuneration or profit, the Company agrees as follows: To waive the payment of all premiums becoming due upon such member's insurance after the commencement of, but not prior to the receipt at the home office of the Company of written notice of such disability * * *."

In the case of *Bergholm v. Peoria Life Ins. Co., supra,* in construing a similar provision to that now before us, the Court said: " * * * the obligation of the company does not rest upon the existence of the disability; but it is the receipt by the company of *proof* of the disability which is definitely made a condition precedent to an assumption by it of payment of the premiums (waiver of premiums) *becoming due after the receipt of such proof.*"

Conceding, but not deciding, that the insured became totally disabled within the meaning of the provisions of the policy from and after 24 April 1956 until his death, since notice of such disability was never communicated to the defendant until after the insured's death, the plaintiff is not entitled to recover on the policy pursuant to the provisions for waiver of premiums. *Dewease v. Insurance Co., supra; Adkins v. Aetna Life Ins. Co.,* 130 W.Va. 362, 43 S.E. 2d 372; *Southern Life Ins. Co. v. Cobb,* 71 Ga. App. 584, 31 S.E. 2d 607; *McCutcheon v. Insurance Co.,* 229 Ala. 616, 158 So. 729.

Moreover, the insured could not retain his insurance under the group policy separate and apart from membership in the Association. Consequently, when his membership in the Association was terminated, his rights were then relegated to the conversion privilege as set out in his certificate of insurance — a privilege which he never asserted.

Therefore, the judgment as of nonsuit entered by the court below must be

Affirmed.

HIGGINS, J., not sitting.