MITTLE S. CONGER v. THE TRAVELERS INSURANCE COMPANY and COLONIAL STORES, INCORPORATED.

(Filed 4 February, 1966.)

**1. Insurance § 16—**

"Employment" with reference to termination of a group certificate upon termination of employment refers to the status of employer and employee, and when an employee is discharged there is a severance of this relationship, even though the employee may be entitled under his contract to accumulated pay for vacation time, and such employee cannot be held an employee on vacation following his discharge.

**2. Same—**

Where a certificate under a group policy specifies that the certificate should terminate upon termination of the employment, with provision for conversion upon application of the employee within 31 days, and provision that the insurance under the group policy should continue for such period, *held* the certificate does not cover the death of an employee more than 31 days from his discharge, there having been no application for conversion or facts constituting estoppel.

**3. Insurance § 8— Failure of employer to tender premium to insurer does not render employer liable when tender would not have kept certificate in force.**

After the discharge of an employee the employer deducted from the employee's check for accumulated pay for vacation time the employee's share of the premium under a group policy. The employer did not pay the premium to insurer in behalf of the employee, but asserted the deduction was inadvertently made and tendered refund. The employee died more than 31 days after termination of the employment without applying for conversion. *Held:* Since tender of premium by the employer for the period subsequent to the employee's discharge would not have kept the certificate in force in the face of its unambiguous language, and since there was neither allegation nor evidence that the employee relied on the fact of the deduction of the premium and was thereby misled so that he failed to apply for conversion, nonsuit should have been entered.

**4. Pleadings § 28—**

Plaintiff's recovery must be based on the allegations of his complaint.

APPEAL by defendant Colonial Stores, Incorporated, from *Mintz, J.,* June 7, 1965, Session of WAYNE.

Plaintiff alleged alternative causes of action against The Travelers Insurance Company (Insurance Company) and Colonial Stores, Incorporated (Stores). The allegations of each cause of action are stated in *Conger v. Insurance Co.,* 260 N.C. 112, 131 S.E. 2d 889, in which a judgment sustaining demurrers and dismissing the action was reversed. Thereafter, each defendant filed answer. When called for trial, the case, upon waiver of jury trial, was submitted

for decision on the stipulated facts summarized (except when quoted) below.

A group life insurance policy issued by Insurance Company to Stores for the benefit of certain of its employees was in force at all times pertinent to decision. Subject to the terms and conditions of said group policy, Elvin H. Conger (Conger), husband of plaintiff and employee of Stores, was insured during his employment as provided in certificates of coverage issued to him by Insurance Company on September 1, 1958, in which plaintiff is named as beneficiary.

On April 3, 1961, Stores discharged Conger. Thereafter Conger performed no services for Stores and did not enter its premises. Under Stores, vacation regulations, Conger, at the time of his discharge, was entitled to "three (3) weeks of accumulated pay for vacation time"; and, at the time of his discharge, Conger was paid by Stores "for three (3) weeks of accumulated vacation time and along with the other routine deductions, Conger's contribution toward the premium on the . . . Group Life Policy in the sum of $1.90 per week or a total of $5.70 was deducted from his final check." Conger's share of the premium was not sent to the Insurance Company. Stores "contends" the deduction of $5.70 "was inadvertently made," and on January 29, 1962, tendered this amount "to the estate of . . . Conger," which tender "was declined."

Conger died May 22, 1961, of a coronary thrombosis. When discharged on April 3, 1961, he "was neither wholly disabled nor prevented by bodily injury or disease from engaging in any occupation or employment for wage or profit."

Conger made no application to the Insurance Company between the date of his discharge and the date of his death to convert his coverage under the group policy into a regular policy of life insurance.

The pertinent provisions of the group policy are set forth in the certificates issued to Conger, to wit:

Under "Termination of Insurance," the policy, in pertinent part, provides: "The insurance of any Employee covered under the group policy shall (end) when his employment with the Employer in the classes of Employees eligible for insurance thereunder shall (end); . . ."

Under "Conversion Privilege," the policy provides:

"Any Employee of the Employer covered under this group policy shall, in case of the termination of employment for any reason whatsoever, be entitled to have issued to him by the Company without further evidence of insurability, and upon application made to the Company within Thirty-one days after such termination and upon

the payment of the premium applicable to the class of risks to which he belongs and to the form and amount of the policy at his then attained age, a policy of life insurance, in any One of the forms customarily issued by the Company, except term insurance, (with Permanent Total Disability Benefit equivalent to that provided hereunder,) in an amount equal to the amount of the Employee's protection under this policy at the time of the termination of his employment.

"(Extended Benefit:—) If the insurance under the group policy on the life of an Employee shall be terminated by the termination of his employment with the Employer, and the death of such Employee shall occur within Thirty-one days after such termination of insurance and before any individual policy issued in accordance with the conversion privilege herein set forth shall have become effective, the Company will pay to the Employee's beneficiary under the group policy the amount of the insurance in force thereunder on the life of such Employee at the termination of his insurance."

The provisions quoted above appear in Certificate A. The provisions of Certificate B are identical with these exceptions: (1) Under "Termination of Insurance," the word "terminate" is used instead of the word "end" in the places indicated by parentheses; and (2) under "Conversion Privilege," the words enclosed in parentheses do not appear.

On the face of the certificates issued to Conger, under "Notice to Employees," these words appear:

"If you should cease active work for any reason, you should consult your Employer immediately to determine what arrangements may be made to continue your insurance benefits in force so that you will be able to exercise any rights you may then have under the group policies as outlined in these Certificates. For further details, see the sections entitled 'Termination of Insurance' and 'Conversion Privileges.' "

The amount of the coverage in respect of death benefits provided by said policy and certificates was $8,000.00; and it was stipulated that plaintiff, if entitled to recover against either defendant, is entitled to recover $8,000.00 together with interest from May 22, 1961.

Judge Mintz entered judgment that plaintiff have and recover of Stores the sum of $8,000.00, plus interest and costs, and that plaintiff "have and recover nothing" of Insurance Company.

Stores excepted and appealed.

*Roberts & Wooten and Willis A. Talton for plaintiff appellee.*

*Taylor, Allen & Warren and John H. Kerr, III, for Colonial Stores, Inc., defendant appellant.*

BOBBITT, J. The judgment does not disclose the ground on which the court adjudged that plaintiff "have and recover nothing" of Insurance Company. Plaintiff did not appeal. Hence, the judgment is a final adjudication as between plaintiff and Insurance Company. Even so, whether plaintiff was entitled to recover from Insurance Company and, if not, the ground of Insurance Company's nonliability, has significance in determining plaintiff's right to recover from Stores. Plaintiff's alternative cause of action against Stores presupposes the nonliability of Insurance Company.

Plaintiff, in her alternative cause of action against Stores, alleges in substance, except when quoted, the following: Under Conger's employment contract with Stores, part of the insurance premium was to be paid by Conger and part by Stores. Stores deducted $1.90 per week, Conger's part, from Conger's salary checks "up to and including the final week of said employment, the period ending the 24th day of April 1961." Conger died May 22, 1961, "within 31 days after the period ended for which" Conger's portion of the premiums had been deducted from Conger's salary. If the Insurance Company is not liable to plaintiff, "because of the failure of . . . Stores . . . to remit the premiums due and deducted from . . . Conger's salary, or because of any other breach of contract by . . . Stores . . ., or for any other reason, then by reason of the wrongful and unlawful breach by . . . Stores . . . of the said contract of employment and its position of trust, the plaintiff has been damaged in the amount of $8,000.00."

The policy provides the insurance of an employee under the group policy shall terminate when his employment with the employer shall terminate. It provides the employee, upon application made within thirty-one days after the termination of his employment, may exercise the conversion privilege quoted in our preliminary statement and that the insurance under the group policy continues in force during said 31-day period. In this connection, see G.S. 58-211, captioned "Group life insurance standard provisions."

This Court has held the word "employment" as used in the phrase "termination of his employment" in a group policy of insurance refers to the *status* of the employee rather than to a contractual relationship existing between the employer and the employee; and that the word "termination" in said phrase means the end of such status, that is, a complete severance of the relationship of employer and employee. *Lineberger v. Trust Co.,* 245 N.C. 166, 170, 95 S.E. 2d 501, 68 A.L.R. 2d 1, and cases cited; *Pearson v. Assurance Society,* 212 N.C. 731, 194 S.E. 661; 44 C.J.S., Insurance § 329, p. 1265; 1 Appleman, Insurance Law and Practice § 122, pp. 171-2; Annotation, 68 A.L.R. 2d 8, 35 *et seq.*

It was stipulated that "Conger was discharged from his employment" by Stores on April 3, 1961. When "discharged from his employment," Conger's status as an employee terminated. There was a complete severance of the employer-employee relationship. Although Conger, at the time of his discharge, was entitled under his employment contract and Stores' regulations "to three (3) weeks of accumulated pay for vacation time," he was not, after April 3, 1961, an employee of Stores. There is no merit in the suggestion that Conger was an employee on vacation during the three weeks following his discharge on April 3, 1961. *Perry v. Equitable Life Assurance Society of U.S.*, 139 N.E. 2d 489 (Ohio).

As indicated, the stipulated facts establish that Conger's employment by Stores terminated on April 3, 1961, not on April 24, 1961, as stated in plaintiff's quoted allegation. Since Conger's death occurred more than thirty-one days after April 3, 1961, the date of the termination of his employment, his insurance under the group policy was not in force on May 22, 1961, the date of his death. Hence, the court was correct in adjudicating plaintiff was not entitled to recover from Insurance Company. See Annotation, 68 A.L.R. 2d 8, 29 *et seq.*

The gravamen of plaintiff's alternative cause of action is that Stores, although it deducted the sum of $5.70 from the amount due Conger at the time of his discharge, failed to remit this amount to Insurance Company. Plaintiff's position rests upon the assumption that if Stores had remitted these amounts the insurance coverage applicable to Conger would have been extended three weeks notwithstanding the termination of his employment on April 3, 1961. This assumption is erroneous. *Haneline v. Casket Co.*, 238 N.C. 127, 76 S.E. 2d 372.

In *Haneline*, the group policy provided: "The insurance of any employee covered hereunder shall terminate at the end of the policy month in which his active employment with the employer shall end." The employee's certificate provided: "This insurance shall terminate whenever the employee shall leave the service of said employer." Under the employment contract, the employer deducted from the employee's wages each quarter the employee's share of the premium and remitted it to the insurance company. Under this arrangement, the employer on March 21, 1951, deducted $3.75 from the employee's wages. The employee was discharged and his employment terminated on March 27, 1951. The employee, from the date of his discharge on March 27, 1951, until his death on May 16, 1951, made no application or request for conversion or for any other benefit under the policy. Since the policy month began March 10, 1951, it was held the insurance terminated at the end of that policy month,

to wit, April 10, 1951, notwithstanding the amount of the premium deducted from the employee's wages and remitted to the insurance company had been computed for the entire quarter ending June 10, 1951. It is noted that the insurance company in its answer tendered to the plaintiff the sum of $2.50, to wit, the unearned portion of the premium.

Absent conduct on the part of Insurance Company constituting waiver or estoppel, a tender or remittance of premiums by Stores to Insurance Company for a period subsequent to the termination of Conger's employment would not have altered the unambiguous provisions of the policy as to when Conger's insurance would expire.

A plaintiff must make out his case *secundum allegata.* His recovery, if any, must be based on the allegations of his complaint. *Andrews v. Bruton,* 242 N.C. 93, 95, 86 S.E. 2d 786, and cases cited; *Manley v. News Co.,* 241 N.C. 455, 460, 85 S.E. 2d 672, and cases cited. The complaint alleges no cause of action except as stated above.

Plaintiff, in her brief, suggests that Conger was misled by the fact that Stores had erroneously deducted the $5.70 in calculating the amount due him at the time of his discharge. However, the complaint does not purport to allege a cause of action on this ground. Nor do the stipulated facts support such a cause of action. There is nothing in the stipulated facts to the effect Conger relied in any manner on the circumstance that the $5.70 had been deducted. Nor does it appear from the stipulated facts that Conger at any time intended or desired to exercise his rights under the conversion provision.

We have considered each of the decisions cited by appellee. Suffice to say, the facts in each were quite different from the (stipulated) facts herein.

Since the pertinent policy provisions and stipulated facts do not establish plaintiff's right to recover against Stores on the alternative cause of action alleged in the complaint, plaintiff's judgment against Stores is reversed.

Consideration of the demurrer *ore tenus* to complaint filed by Stores in this Court is unnecessary.

Reversed.