D. I. ROBERTS v. WILLIAM N. AND KATE B. REYNOLDS MEMORIAL PARK ALSO KNOWN AS TANGLEWOOD PARK, AND GRADY SHUMATE

No. 69

(Filed 12 April 1972)

1. **Bailment § 6— bailor of vehicle for hire — liability for injury to bailee**
   It is the duty of a bailor for hire of a vehicle to see that the vehicle is in good condition, and while he is not an insurer, he is liable to the bailee or a third person for injuries proximately caused by a defect in the vhicle of which he has knowledge or which he could have discovered by reasonable care and inspection.

2. **Rules of Civil Procedure § 50— motion for directed verdict**
   A motion for a directed verdict presents the question of whether, as a matter of law, the evidence offered by the plaintiff, when considered in the light most favorable to the plaintiff, is sufficient to be submitted to the jury.

3. **Rules of Civil Procedure § 50— directed verdict against party having burden of proof**
   The court may direct a verdict against the party having the burden of proof when there is no evidence in his favor.

**4. Pleadings § 36; Rules of Civil Procedure § 50— variance between pleadings and proof**

Prior to the adoption of the new Rules of Civil Procedure, a plaintiff's recovery had to be based on allegations in his complaint, and nonsuit was proper when there was a material variance between allegations and proof.

**5. Rules of Civil Procedure § 8— sufficiency of complaint**

Under the "notice theory of pleading" of the new Rules of Civil Procedure, a statement of claim is adequate if it gives sufficient notice of the claim asserted to enable the adverse party to answer and prepare for trial, to allow for the application of the doctrine of *res judicata*, and to show the type of case brought.

**6. Rules of Civil Procedure § 84— complaint — specific acts of negligence**

While federal Forms 9 and 10 do not require complaints for negligence to contain specific allegations of acts of negligence, such specific allegations are required by G.S. 1A-1, Rule 84, Forms 3 and 4.

**7. Rules of Civil Procedure § 15— issues — amendment of pleadings**

Under the new Rules of Civil Procedure, the trial must proceed within the issues raised by the pleadings unless the pleadings are amended.

**8. Rules of Civil Procedure § 15— amendments to pleadings**

Amendments to pleadings are made upon motion on leave of court, by express consent, and by implied consent.

**9. Rules of Civil Procedure § 15— evidence outside the pleadings — failure to object — amendment of pleadings by implied consent**

Under G.S. 1A-1, Rule 15(b), the pleadings are deemed amended to conform to evidence introduced outside the scope of the pleadings when the evidence is not objected to on the ground that it is not within the issues raised by the pleadings; even when the evidence is objected to on that ground, the court will freely allow amendments to present the merits of the case when the objecting party fails to satisfy the court that he would be prejudiced in the trial on its merits.

**10. Rules of Civil Procedure § 15— pleadings — amendment by implied consent**

Amendment by implied consent may change the legal theory of the cause of action so long as the opposing party has not been prejudiced in presenting his case; i.e., where he had a fair opportunity to defend his case.

**11. Bailment § 6; Pleadings § 33; Rules of Civil Procedure § 15— evidence outside pleadings — failure to object — amendment by implied consent**

In an action to recover for injuries sustained when a golf cart plaintiff had rented from defendants rolled backwards down a hill and overturned while being operated by plaintiff, wherein plaintiff alleged that defendants were negligent in failing to warn him of defective brakes on the golf cart, the pleadings were amended by

implied consent to conform to the evidence and broaden the issue of negligence so that the jury could consider whether defendants breached a duty to plaintiff by furnishing a golf cart which they knew had no brakes on it when going backwards, where defendants failed to object to plaintiff's testimony outside the pleadings that the individual defendant told him at the accident scene that defendants' golf carts had no brakes on them while going backwards.

**12. Bailment § 3— bailor for hire of vehicle — warnings to bailee**

It would be a breach of duty for a bailor for hire of vehicles to fail to warn that the bailed vehicles had "no brakes on them going backwards."

**13. Principal and Agent § 8— knowledge of agent — knowledge of principal**

A principal is charged with and bound by the knowledge of or notice to his agent received while the agent is acting as such within the scope of his authority and in reference to which his authority extends.

Justice SHARP concurring in result.

Chief Justice BOBBITT joins in concurring opinion.

APPEAL by plaintiff from decision of the Court of Appeals (12 N.C. App. 69) affirming the judgment of *Armstrong, J.,* at 18 November 1970 Session of FORSYTH Superior Court. This case was docketed and argued as No. 107 at the Fall Term 1971.

Plaintiff sued for damages for injuries sustained while operating a golf cart which had been rented from defendants.

Plaintiff alleged that defendant Grady Shumate, the resident golf professional, was the agent, servant and employee of the corporate defendant and that the defendants were negligent in that:

A. That the defendants failed to properly maintain and inspect the said golf carts rented to the plaintiff;

B. That although the defendants knew or should have known that the brakes on the said golf cart were defective, they negligently permitted the same to remain in operation and permitted the same to be rented to the plaintiff.

C. The defendants permitted the golf cart to be rented to and operated by the plaintiff without making proper inspections and proper maintenance of said brakes on said cart.

D. That the defendants left protruding rocks and objects within the fairway, knowing that the same would be used by the plaintiff and others using golf carts and knowing that the same was dangerous to the operation of said golf carts.

E. That the defendants failed and neglected to warn and instruct the plaintiff as to the proper use of said golf cart on steeped terrains and to the proper use of brakes on the golf cart.

F. That the defendants failed and neglected to warn the plaintiff of the defective brakes on said golf cart.

G. That the defendants failed and neglected to detect a defect in said golf cart when said defects could be readily detected had they made an inspection of the same.

Plaintiff's testimony, in substance, tends to show that on 3 May 1967, around 10:00 o'clock a.m., he and Mr. David Copen (Copen) arrived at the Tanglewood Park golf course to play golf. Copen rented a Pargo golf cart from defendants and plaintiff drove the cart. While driving the cart to the first green, he noticed that the brakes seemed to "fade." They did not respond in the same manner as the power brakes on his automobile. He considered returning the cart, but decided not to because he attributed the difference in response to the nature of the vehicle rather than a defect in the braking system. The physical layout of the first nine holes played by plaintiff and Copen did not require a significant use of the brakes. On that portion of the golf course plaintiff usually coasted up to the ball and let the cart stop itself. When the cart stopped he would lock the brakes by depressing the brake pedal. He noticed no defect or difficulty in the brakes while playing the first nine holes.

The 10th hole, which plaintiff and Copen partially played, was in a new section of the golf course. Their approach to the green traversed a steep hill. Copen's second shot landed just below the crest of the hill and plaintiff drove up the incline and stopped near the ball by easing up on the throttle. The cart immediately began to roll backwards down the hill. Plaintiff mashed the brake pedal as hard as he could, but the speed of the cart increased to approximately 25 or 30 miles per hour. The cart struck a rock which sheared the front wheel assembly

from the body of the cart. The cart overturned and threw both occupants onto the ground. It either ran over or fell on plaintiff, thereby causing him to suffer broken ribs and painful bruises. Plaintiff momentarily lost consciousness, and when he regained consciousness he noted that defendant Shumate and several other persons had arrived to offer aid. At that time Shumate made certain statements, which will be discussed later.

On cross-examination plaintiff testified that he had played the Tanglewood course approximately a dozen times prior to the date of the accident, and that he had operated a golf cart on an average of twelve times a year for the previous five years. Plaintiff did not remember seeing operating instructions printed on the dashboard of the cart.

David Copen's testimony substantially corroborated plaintiff's testimony. His direct testimony differed in that he described plaintiff's attempts to stop the backward motion of the golf cart as a "pumping on the brakes." He also stated that he saw no operating instructions on the dashboard of the cart. Neither plaintiff nor Copen denied that the instructions were printed on the dashboard of the cart.

Mr. Howard Hargett, a research and design engineer for the manufacturer of the Pargo Golf carts, testified as an expert witness for plaintiff. He described the braking system on a Pargo golf cart as being comprised of an external, lined band wrapped around a brake drum. The brake system is mechanically operated by a 3/16 inch aircraft cable connecting the band to the brake pedal. Pressure on the pedal wraps the band around the brake drum, causing the cart to stop. He stated that the brakes on these carts are just as effective whether the cart goes backwards or forward. He testified that there are two ways the brakes might fail. A snapping of the cable would result in a sudden failure of the brakes. This snapping would occur following excessive wear such as would result from four or five years' use. A reasonable inspection of the cable would reveal such wear. The other cause of brake failure would be wear on the linings of the brake bands. Such wear would result only from many hours of use, and a visual inspection would reveal such wear. An annual visual inspection of the brake bands for lining wear would be reasonable. He identified the cart used in the illustrative evidence as being a '67 or '68 model. He further

testified that each '67 or '68 Pargo golf cart left the factory with a decal stamped on the dashboard directly in front of the driver's seat. This decal set forth operating instructions for the cart.

Dr. Albert P. Glod testified as to plaintiff's injuries.

At the close of plaintiff's evidence the trial judge allowed defendants' motion for a directed verdict on the ground that plaintiff had failed to show facts on the issue of negligence which would support a verdict against defendants. The Court of Appeals affirmed this judgment, with Judge Hedrick dissenting. This case is before this Court pursuant to G.S. 7A-30(2).

*Roberts, Frye & Booth, by Leslie G. Frye; Powell & Powell, by Harrell Powell, Jr., for paintiff appellant.*

*Deal, Hutchins and Minor, by John M. Minor and William K. Davis for defendant appellees.*

BRANCH, Justice.

The sole question presented by this appeal is whether the trial judge erred in granting defendants' motion for a directed verdict.

[1] It is the duty of a bailor for hire to see that the vehicle bailed is in good condition. While he is not an insurer, he is liable for injury to the bailee or a third person for injuries proximately caused by a defect in the vehicle of which he had knowledge or which he could have discovered by reasonable care and inspection. *Hudson v. Drive It Yourself, Inc.*, 236 N.C. 503, 73 S.E. 2d 4.

[2, 3] A motion for a directed verdict presents the question of whether, as a matter of law, the evidence offered by plaintiff, when considered in the light most favorable to the plaintiff, is sufficient to be submitted to the jury. *Kelly v. Harvester Co.*, 278 N.C. 153, 179 S.E. 2d 396. The court may direct a verdict against the party having the burden of proof when there is no evidence in his favor. *Cutts v. Casey*, 278 N.C. 390, 180 S.E. 2d 297.

We deem it unnecessary to discuss plaintiff's allegation that defendants left rocks or other objects dangerous to golf carts on the golf course, since he offered no direct evidence which

would support an inference that any objects of a dangerous nature were present on the golf course.

Plaintiff contends that his injury was caused by *defective* brakes on the golf cart and that defendants knew, or by the exercise of reasonable care should have known of the defect. In this connection plaintiff's evidence shows that the brakes on the golf cart could fail in two ways, viz: (1) sudden failure caused by the snapping of the brake cable, and (2) gradual failure of the brakes caused by wear on the linings of the brake bands.

Plaintiff's expert witness testified concerning sudden failure of the brakes as follows: "In order to sever this cable or cause this cable to break it is going to take a lot. There would be practically no way to break it, in normal driving around, suddenly, unless the cable, I'd say, is four to five years old and worn a lot, you can't break it, not with a foot." Plaintiff's evidence showed that the golf cart in which plaintiff was injured was not more than one year old.

As to the gradual failure of the brakes, plaintiff's evidence showed that a visual inspection would reveal the wear on the linings of the brake bands, and that an annual inspection would be reasonable.

Plaintiff's evidence failed to show that the cable snapped or that the linings on the brake bands were worn.

We quote the following excerpts from plaintiff's testimony:

Q. What, if anything, did Mr. Shumate say to you?

MR. MINOR: Objection.

THE COURT: Well, I don't know what he is going to say. I guess at this point I will admit it as against Shumate and not the others. I don't know what he is going to say. Sustained as to, well, as to the corporate defendant, I reckon I will say.

.　.　.　.

. . . Then the park manager came up—I assume that he was the park manager; I never did see the gentleman because of the way that I was lying—and Mr. Shumate told him—

MR. MINOR: Well, objection now, if the Court please.

THE COURT: Well—

MR. MINOR: He is talking about someone he doesn't know about.

THE COURT: Sustained again as to the corporate defendant, Tanglewood Park, Go ahead.

. . . Later Mr. Shumate came back to me and he says, "If you are familiar with these carts, you should know that they have no brakes on them going backwards." I was still lying on the ground at that time, sir.

MR. POWELL: I submit that statement is competent against the corporate defendant as well as Mr. Shumate.

THE COURT: Well, of course, he has got an exception to all this. I will let that in.

Plaintiff strongly contends that this statement was sufficient evidence of defendants' negligence to carry the case to the jury.

Plaintiff failed to allege that defendants rented the golf cart knowing that it had no brakes when going backward. We must therefore decide the effect of this variance in the allegations and proof.

[4] Prior to the adoption of the new Rules of Civil Procedure it was well recognized that a plaintiff's recovery had to be based on allegations in his complaint, and that when there was a material variance between allegations and proof, nonsuit was proper. *Conger v. Ins. Co.*, 266 N.C. 496, 146 S.E. 2d 462; *Andrews v. Bruton*, 242 N.C. 93, 86 S.E. 2d 786. No issues were submitted to the jury which were not raised by the pleadings and supported by competent evidence. *Bowling v. Bowling,* 252 N.C. 527, 114 S.E. 2d 228. A motion for nonsuit is no longer proper in a civil action. In an action tried by the court without a jury, a defendant may move for *a dismissal* on the ground that upon the facts and the law plaintiff has shown no right to relief. Ch. 1A-1, Rule 41(b). When a case is tried by a jury, as here, a defendant may move for a *directed verdict* to test the sufficiency of the evidence to go to the jury. Ch. 1A-1, Rule 50(a). See *Kelly v. Harvester Co., supra.*

[5] By enactment of G.S. 1A-1, the legislature adopted the "notice theory of pleading." Under "notice pleading" a statement of claim is adequate if it gives sufficient notice of the claim asserted "to enable the adverse party to answer and prepare for trial, to allow for the application of the doctrine of *res judicata*, and to show the type of case brought. *Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161.

[6] The North Carolina pleadings and forms differ from the federal pleadings and forms in that federal Forms 9 and 10, complaints for negligence, do not require specific allegations of acts of negligence. Under Rule 84 of G.S. 1A-1, Forms 3 and 4 do require such specific allegations. Sizemore, General Scope and Philosophy of the New Rules, 5 Wake Forest Intramural Law Review 1.

[7, 8] Under the new Rules the trial must proceed within the issues raised by the broad pleadings unless the pleadings are amended. The new Rules achieve their purpose of insuring a speedy trial on the merits of a case by providing for and encouraging liberal amendments to conform pleadings and evidence under Rule 15(a), by pretrial order under Rule 16, during and after reception of evidence under Rule 15(b), and after entry of judgment under Rules 15(b), 59 and 60. Such amendments are made upon motion and with leave of court, by express consent, and by implied consent.

In instant case, since plaintiff failed to amend by leave of court or pretrial order and there was no amendment by express consent, we need only consider whether the pleadings were amended by implied consent.

The doctrine of implied consent is based upon the provisions of Rule 15(b), which we quote:

    (b) Amendments to conform to the evidence.—When issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, either before or after judgment, but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within

Roberts v. Memorial Park

the issues raised by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be served thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

Dean Dickson Phillips of the University of North Carolina Law School, in McIntosh, N. C. Practice and Procedure, Vol. 1, Supp. 1970, § 970.80, considered Rule 15(b) as it affects conforming amendments to pleadings after offer of evidence. He there, in part, stated:

The most significant feature of Rule 15's approach to amendments to conform pleadings to proof already adduced is its abandonment, both in name and practice, of the highly technical code doctrine of "variance." Instead, Rule 15(b) approaches the problem from a completely functional standpoint. Two situations involving proof outside the scope of the pleadings are posited. In the first, no objection is made upon the introduction of evidence that it is outside the pleadings. In this situation, the Rule provides that "when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." *This is the doctrine of "litigation by consent." When this occurs, an actual conforming amendment may be made on motion either before or after judgment, but it is not essential—the pleadings are by the Rule deemed amended.* A party who fails to object to evidence is of course initially presumed to have given "implied consent" by silence. He can avoid the effect only by satisfying the court that under the circumstances, his consent to having certain issues considered by the trier of fact should not be implied from his failure to object to particular evidence." (Emphasis ours.)

In the case of *Securities and Exchange Commission v. Rapp,* (2d Cir., 1962), 304 F. 2d 786, the United States Court of Appeals considered their similar Rule 15(b) and, *inter alia,* stated:

In the district court Judge Murphy gave judgment for defendants dismissing the complaint. The principal ground of decision appears to have been that the pleadings did not conform to the proof; he denied a motion, made at the close of argument, to amend the pleadings so to conform. This ruling was clearly in error. F. R. 15(b) provides that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." This is mandatory, not merely permissive. The rule then provides for free or delayed amendment, but states that "failure so to amend does not affect the result of the trial of these issues." *Indeed, formal amendment is needed only when evidence is objected to at trial as not within the scope of the pleadings. . . .* (Emphasis ours.)

Accord: *Tillman v. National City Bank of New York,* (2d Cir., 1941), 118 F. 2d 631; *Joyce v. L. P. Steuart, Inc.,* (D.C. Cir., 1955), 227 F. 2d 407; *Gallon v. Lloyd-Thomas Co.,* (8th Cir., 1959), 264 F. 2d 821. See also 3 Moore's Federal Practice, 2d Ed., § 15.13(2), and cases there cited.

[9] The thrust of this rule seems to destroy the former strict code doctrine of variance by allowing issues to be raised by liberal amendments to pleadings and, in some cases, by the evidence. Under 15(b) the rule of "litigation by consent" is applied when *no objection is made on the specific ground that the evidence offered is not within the issues raised by the pleadings.* In such case the statutory rule, in effect, amends the pleadings to conform to the evidence and allows any issue raised by the evidence to go to the jury. *Even when the evidence is objected to on the ground that it is not within the issues raised by the pleadings,* the court will freely allow amendments to present the merits of the case when the objecting party fails to satisfy the court that he would be prejudiced in the trial on its merits. The far-reaching effect of this statutory rule is emphasized by the burden placed on the objecting party to specify the grounds of objection and to satisfy the court that he will be prejudiced by the admission of the evidence or by litigation of the issues raised by the evidence. The objecting party must meet these requirements in order to avoid "litigation by consent" or allowance of motion to amend.

---

Roberts v. Memorial Park

---

**[10]** Further, it is apparent that the effect of this rule is to allow amendment by implied consent to change the legal theory of the cause of action so long as the opposing party has not been prejudiced in presenting his case, i.e., where he had a fair opportunity to defend his case. In this connection, we feel compelled to note that the better practice dictates that even where pleadings are deemed amended under the theory of "litigation by consent," the party receiving the benefit of the rule should move for leave of court to amend, so that the pleadings will actually reflect the theory of recovery.

In instant case defendants' counsel did not object to Shumate's alleged statement on the ground that it was outside the pleadings. The record reveals that the legal effect of the evidence was argued by counsel for defendants without any mention of the broadened issue raised by the evidence or without any contention that defendants were unprepared to litigate the broadened issue because of unfair surprise. Defendants offered no evidence tending to satisfy the court that they would be unduly prejudiced by the admission of the alleged statement and the issue thereby raised.

**[11]** Thus the statement allegedly made by defendant Shumate, in effect amended the pleadings to conform to the evidence and broadened the issue of negligence so that the jury could consider whether defendants breached a duty owed to plaintiff by furnishing a golf cart which they knew had no brakes on it when going backwards.

Further, plaintiff's allegations that defendants failed to warn of defective brakes and that defendants failed to instruct as to the proper use of the cart on steep terrain and the proper use of the brakes on the golf cart, at least negated any inference of unfair surprise as to the evidence of complete absence of brakes when the cart was rolling backward.

**[12]** If it be a breach of duty for a bailor for hire to fail to warn of a known *defect* in the brakes of the bailed vehicle, it certainly follows that it would be a breach of duty for him to fail to warn that the bailed vehicle had "no brakes on them going backwards."

Plaintiff's complaint alleged:

4. That the plaintiff is informed and believes that the defendant, Tanglewood Park and the defendant, Grady

Shumate, who is pro, agent, servant and employee of Tanglewood Park, share in the rental income of the use of said golf carts. That the plaintiff is further informed that the said golf carts are owned and maintained by Tanglewood Park under the direct supervision of the defendant, Grady Shumate, its agent, servant and employee.

The answer of defendants to Paragraph 4 is as follows:

Denied, except it is admitted that defendant Park and defendant Shumate share in rental fees on golf carts; that said golf carts are owned and maintained by defendant Park and that the maintenance of said carts is under the supervision of defendant Shumate; and that on May 3, 1967, and for some time prior to that date, defendant Shumate was an employee of the defendant Park and was a professional golfer.

[13] The allegations in the complaint and the admissions in the answer established the relationship of principal and agent between defendant Shumate and the corporate defendant at the times plaintiff complained of. A principal is chargeable with and bound by the knowledge of or notice to his agent, received while the agent is acting as such within the scope of his authority and in reference to which his authority extends. *Norburn v. Mackie*, 262 N.C. 16, 136 S.E. 2d 279. Thus the corporate defendant was charged with and bound by its agent's knowledge that the golf cart had no brakes when rolling backward.

We conclude that the evidence offered by plaintiff, when considered in the light most favorable to the plaintiff, was sufficient to have a jury pass on it.

The decision of the Court of Appeals is

Reversed.

Justice SHARP concurring in result:

I am in accord with the majority's decision that plaintiff's evidence entitled him to go to the jury on the issue of defendants' negligence and that the trial judge erred in directing a verdict against him. Further, I do not disagree with the majority's interpretation of Rule 15(b). My thesis is that Rule 15(b) is

---

**Roberts v. Memorial Park**

---

irrelevant to decision in this case. In my view, under Rule 8(a)(1) and Rule 84, Forms 3 and 4, plaintiff's allegations are sufficient to permit the introduction of testimony that the golf cart had no brake to check its backward movement. *Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161.

In addition to the allegations (quoted verbatim at the beginning of the majority opinion) that defendants furnished plaintiff a golf cart which they knew, or should have known, had *defective* brakes, the complaint contains the following: Plaintiff and his partner "traveled up a hill and approached the crest of a hill and allowed the said golf cart to roll to a stop . . . and his partner began to get his golf clubs when the cart began rolling backward with the plaintiff applying the brakes, all to no effect. That the cart continued to gain speed rolling backward and ran over a rock in the fairway and sheered off a front wheel, causing the cart to overturn. . . . "

Testimony, admitted without any objection, tended to show defendant Shumate told plaintiff that defendants' golf carts had "no brakes on them going backwards."

An allegation that the brakes were defective is surely broad enough to support evidence that they worked in one direction only. Brakes which do not stop both forward and backward motions are defective. Furthermore, plaintiff's additional allegation that when the cart began rolling backward he applied the brakes to no effect is clearly sufficient to support the evidence of Shumate's declaration. Thus, there is no variance between allegation and proof. In short, this is not a case in which it is necessary to resort to Rule 15(b) to insure the decision of a case on its merits. Patently, a complaint which is already sufficient has no need of amendment either by the express permission of the court or by operation of law.

It is also noted that defendants moved for a directed verdict "on the grounds that the evidence by its greater weight failed to prove any negligence and would leave this in the field of speculation and conjecture," and that the court allowed the motion on the ground that the *evidence* of negligence was insufficient to support a verdict against defendants on that issue. The trial court's ruling was not based upon a variance between allegation and proof.

Chief Justice BOBBITT joins in this concurring opinion.