R. W. MAYO, PLAINTIFF v. AMERICAN FIRE AND CASUALTY COMPANY, ORIGINAL DEFENDANT, AND MAX G. CREECH, ADDITIONAL PARTY DEFENDANT

No. 7211SC499

(Filed 2 August 1972)

1. Insurance § 4— binder — agent's failure to notify company — liability of company

   The trial court erred in its conclusion that defendant insurance agent did not bind defendant insurance company to a contract of insurance with plaintiff based on a finding that agent did not notify company of any commitment of liability as he was required to do under his agency contract.

2. Insurance § 4— binder — notice to company

   An insurance agency contract providing for notice to be given the company by the agent on or before the date on which the insurance is effective places a duty on the agent to give notice after he has already committed the company to an insurance contract and does not contemplate that the agent apply to the company for issuance of insurance coverage or that he notify the company in advance before he commits it to liability.

3. Insurance § 4— binder defined

   A binder is insurer's bare acknowledgment, either oral or written, of its contract to protect the insured against casualty of a specified kind until a formal policy can be issued, or until insured gives

notice of its election to terminate; such contract may be made for a period not to exceed sixty days. G.S. 58-177(4).

**4. Trial § 57— trial by the court without a jury**

Waiver of a jury trial invests the trial judge with the dual capacity of judge and jury.

**5. Insurance § 4— binder — inclusion of contract terms**

It is not essential that a valid binder contain all the terms of an insurance contract, but it must contain the most important terms.

**6. Insurance § 4— binder — extension of credit to insured for premium**

Extension of credit to an insured for the insurance premium does not destroy the effectiveness of a binder.

APPEAL by additional defendant, Max G. Creech, from *Brewer, Judge,* 10 January 1972 Session of Superior Court held in JOHNSTON County.

Civil action to recover damages incurred by plaintiff when property owned by him was destroyed by fire on 28 May 1969. In his original complaint, plaintiff alleged that at the time of the fire the property was insured by American Fire and Casualty Company (Casualty Company) under an oral insurance binder issued 20 May 1969 by the company's agent, Max G. Creech. Plaintiff thereafter filed an amended complaint, adding Creech as a defendant, and seeking recovery in the alternative against him for negligently failing to obtain insurance coverage for plaintiff's property as he had agreed to do.

The parties stipulated the amount of damages and agreed that the case be tried by the court without a jury.

Uncontroverted evidence tended to show the following:

At all times pertinent, Max G. Creech was engaged in business as an insurance broker and was an agent of Casualty Company under an agency contract authorizing him "to issue and deliver policies, certificates, endorsements and binders which the company may, from time to time, authorize to be issued and delivered. . . . " On 20 May 1969, plaintiff requested Creech to procure insurance in a specified amount on a building and contents owned by plaintiff. Creech advised plaintiff that the property was now insured and that the insurance would be with Casualty Company. Payment of the premium was to be made on open account. Creech also advised plaintiff that he would furnish him with a written binder of insurance shortly thereafter. That same day, Creech delivered to his secretary

notes he had taken during his conversation with plaintiff and instructed her to prepare a written binder of insurance for plaintiff with Casualty Company. The secretary forgot to prepare the written binder as directed. On 28 May 1969 plaintiff's property was destroyed by fire. He immediately notified Creech who then learned, for the first time, that his secretary had not prepared the written binder. Creech nevertheless assured plaintiff that the property was insured and notified Casualty Company what had happened. The company denied coverage.

The court entered findings from which it concluded that Creech did not bind Casualty Company to a contract of insurance with plaintiff; that Creech negligently failed to procure insurance coverage for plaintiff as alleged in the complaint, and that plaintiff is entitled to recover judgment against Creech. Judgment was entered dismissing plaintiff's claim against Casualty Company and adjudging that he recover the stipulated amount of damages from Creech. Only Creech appealed.

*Robert A. Spence for plaintiff appellee.*

*Teague, Johnson, Patterson, Dilthey & Clay by Ronald C. Dilthey for defendant appellee American Fire and Casualty Company.*

*James A. Wellons, Jr., for defendant appellant Max G. Creech.*

GRAHAM, Judge.

Plaintiff did not appeal. The judgment is therefore a final adjudication as between plaintiff and Casualty Company. *Conger v. Insurance Co.*, 266 N.C. 496, 146 S.E. 2d 462. Even so, whether plaintiff was entitled to recover from Casualty Company and, if not, the ground of Casualty Company's nonliability, has significance in determining plaintiff's right to recover from appellant. *Conger v. Insurance Co., supra.* If insurance was in effect as a result of appellant's oral conversation with plaintiff on 20 May 1969, plaintiff's right of recovery would be against Casualty Company and not against appellant. *Wiles v. Mullinax*, 270 N. C. 661, 155 S.E. 2d 246.

[1] The trial court's conclusion that appellant did not bind Casualty Company to a contract of insurance with plaintiff is based upon its finding that appellant did not notify Casualty

Company of any commitment of liability as he was required to do under his agency contract. In our opinion this finding does not support the conclusion made and the case must therefore be remanded for a new trial.

[2] It is undisputed that appellant failed to give timely notice to Casualty Company as his agency contract required. However, we do not interpret the requirement of notice in the contract as affecting the authority of appellant to bind the company in the first instance. The provision in question provides in pertinent part:

"The Agent may bind the Company for the kinds of insurance and within the limits set forth in the current or amended 'General Rules' as furnished by the Company. * * * Notice of any commitment of liability by the Agent shall be sent to the Company on or before the date on which the insurance is effective."

The duty to give notice under the above provision arises after the agent has committed the company to an insurance contract. The provision does not contemplate that the agent apply to the company for issuance of insurance coverage for a customer or that he notify the company in advance before he commits it to liability. The agent is authorized to enter into the contract on behalf of the company. He must then notify the company, on or before the date the insurance is effective, that it is bound. The agent's failure to notify the company does not invalidate an otherwise valid commitment, though it may subject him to liability to the company. Indeed, the agency contract specifically provides that the agent "shall be liable for any loss sustained by the company from any negligent delay in complying with the provisions of this paragraph."

Appellant does not deny that he was under a duty to obtain insurance coverage for plaintiff. His position is that he performed this duty by orally binding his principal, Casualty Company, to a contract of insurance with plaintiff, effective 20 May 1969.

[3] "In an insurance parlance, a 'binder' is insurer's bare acknowledgment of its contract to protect the insured against casualty of a specified kind until a formal policy can be issued, or until insured gives notice of its election to terminate." *Moore v. Electric Co.*, 264 N.C. 667, 673, 142 S.E. 2d 659, 664.

"Binders or other contracts for temporary insurance may be made, orally or in writing, for a period which shall not exceed sixty days. . . . " G.S. 58-177 (4). See also *Moore v. Electric Co., supra; Distributing Corp. v. Indemnity Co.,* 224 N.C. 370, 30 S.E. 2d 377; *Lea v. Insurance Co.,* 168 N.C. 478, 84 S.E. 813.

The essential questions to be determined are: Did appellant have the authority to orally bind Casualty Company to a contract of insurance; and if so, did he do so by his oral remarks on 20 May 1969? If he did, insurance was in force at the time of plaintiff's loss and appellant is not liable to plaintiff. On the other hand, if insurance coverage did not attach as a result of the oral conversation between appellant and plaintiff, appellant had the duty to exercise reasonable diligence to obtain it and may be liable within the amount of the policy for his negligent failure to do so. *Wiles v. Mullinax, supra; Equipment Co. v. Swimmer,* 259 N.C. 69, 130 S.E. 2d 6; *Elam v. Realty Co.,* 182 N.C. 599, 109 S.E. 632.

[4] In determining the essential questions involved the trial judge will pass upon the credibility of the testimony in his capacity as jury. Waiver of a jury trial invests the trial judge with the dual capacity of judge and jury. *Taney v. Brown,* 262 N.C. 438, 137 S.E. 2d 827. The construction of documents introduced and their legal effect present questions of law for the court. *Wiles v. Mullinax, supra.*

[5, 6] If, on the next trial, the trial judge determines that appellant had authority to bind Casualty Company by an oral contract, he will then determine whether, for valid consideration, appellant orally agreed on behalf of the company to provide insurance for plaintiff until a more formal written binder or policy could be issued; and whether the content of the oral agreement was sufficient to constitute a valid binder. In this connection it should be noted that it is not essential that a valid binder contain all the terms of an insurance contract. It is only necessary that it contain the most important terms. *Distributing Corp. v. Indemnity Co., supra.* See particularly *Wiles v. Mullinax, supra* at 668, 155 S.E. 2d at 251. It should be further noted that extension of credit to an insured for the insurance premium does not destroy the effectiveness of a binder. *Wiles v. Mullinax, supra; Lea v. Insurance Co., supra.*

New trial.

Judges PARKER and VAUGHN concur.